## MONTGOMERY AND WEST POINT RAILROAD COMPANY *vs.* VARNER.

1. In assessing the damages occasioned by the construction of a Railroad to a person through whose lands the road passes, a witness cannot state *his opinion*, as to the amount of damage sustained.

ERROR to the Circuit Court of Chambers. Tried before the Hon. John J. Woodward.

SEMPLE, for plaintiff in error:

1. Opinions, belief, deductions from facts, and such like, are matters which belong to the jury, and by which they arrive at

their verdict.   When the examination extends to these, the judg-
ment of the witnesses is substituted for that of the jury, and
their province invaded.—1 Greenl. Ev. 515, § 440 ; Andrews
& Bros. v. Jones, 10 Ala. 460 ; Jones v. Donnell, 13 Ala. 511;
Lincoln v. Saratoga and Schenectady R. R. Comp. 23 Wend.
432-3-4.

2.  In no case has a witness been permitted to speak to the
amount of damage, that being exclusively for the jury, who are
presumed to be impartial.—Norman v. Wells, 17 Wend. 161-2-3.

3.  The measure of damage to property, is the diminution in
its value, market value, and not the estimate which a witness
might place on its diminished value to him, if he were the own-
er.—Ivey v. McQueen, 17 Ala. 408.

No counsel for the defendant.

DARGAN, C. J.—This proceeding was commenced by the
Montgomery and West Point Railroad Company before a jus-
tice of the peace, in accordance with the provisions of their char-
ter, to ascertain the value of the land, stone, gravel and timber,
that might be used by the company in constructing their rail-
road over the lands of Alexander Varner.   A jury was impan-
nelled, who returned a verdict, assessing the value at two thou-
sand and eight dollars.   The company appealed to the Circuit
Court, and prayed a trial *de novo*, which they are allowed to do
by their charter.   Upon the trial in the Circuit Court, Varner
introduced a witness, who was a planter, and had examined the
land over which the road passed, with reference to the injury
done to it.   He was then asked by the defendant, what in his
judgment was the damage done to the land of the defendant by
reason of the construction and passage of the railroad over it.
To this question the plaintiffs objected, but their objection was
overruled.

The general rule is, that witnesses must depose to facts, and
cannot be allowed to give their opinions founded on these facts,
or the inferences or deductions which they have drawn from
them.   To this general rule, there are many exceptions, most of
which are noted by Mr. Greenleaf, in his work on Evidence,
vol. 1, § 440 ; and the question before us is whether this case
proves one of the exceptions to the general principle.   When

the question to be ascertained is the value of property, the opinion of witnesses as to its value is frequently admitted, and in many cases it would be difficult, if not impossible, to prove the value in any other mode.—Kellogg v. Krauser, 14 S. & R. 137; C. & H. notes to Phil. Ev. vol. 2, 760. ' But I have not been able to find any case that holds the opinions of witnesses, as to the *quantum* of damages resulting from any act, competent proof.

In the case of Lincoln v. The Saratoga and Schenectady Railroad Company, the plaintiff received an injury through the neglect of the agents of the defendant, by which he was prevented from attending to his business. The Supreme Court of New York held, that the plaintiff might show the character and extent of his business, and the importance of his personal attention to it, for the purpose of showing the extent of the damages sustained, but that he could not ask the opinion of the witnesses as to the amount of his loss, owing to his inability to superintend his business.—23 Wend. 425. In the case of Norman v. Wells, 17 Wend. 137, one of the questions was, the *quantum* of damages arising out of a breach of covenant, under the following circumstances. The defendant had leased a mill for sawing mahogany, and had covenanted not to establish any other mill for the same purpose on the same creek. The breach assigned was, that the defendant had established another mill on the same creek. The plaintiff proposed to prove the *quantum* of the damages he had sustained, by the opinion of the witnesses. The court held this proof inadmissible.—So in the case of Herrick v. Lapham, 10 John. 281, the court said, that to call upon witnesses to state whether the plaintiff had not sustained material injury by reason of the slander alleged to have been spoken of him by the defendant, would be to put the witness in the place of the jury, and to allow him to draw conclusions for them. I cannot at this time imagine a case, where it would be lawful to ask a witness his opinion as to the amount of damages resulting from an act, or from given facts, though I will not say that it could not be done in any case. But I feel entirely satisfied, that the opinion of the witness in the case before us was inadmissible. The amount of the damages was the question for the jury to determine, under all the facts and circumstances, and to permit the witness to give his opinion as to the

*quantum* of these damages, without even detailing the facts and circumstances upon which his opinion was founded, *was manifestly erroneous.*

The witness should have stated the quantity of land, gravel, stone and timber taken by the company, (and which belonged to Varner) in the construction of the road, and he might also state the value of each. He could also state any other fact, that would tend to prove inconvenience and injury to the defendant, in consequence of the road, such as the necessity of erecting more fencing, or any thing else that tended to show, that the labor of the defendant was increased in consequence of the road, or his convenience diminished, and from these facts, the jury and not the witnesses are to ascertain the *quantum* of damages suffered by the defendant.

Let the judgment be reversed, and the cause remanded.