# REPORTS

OF

# CASES ARGUED AND DETERMINED

## AT JUNE TERM, 1861.

———◦◦◦———

## JOHNSON *vs.* THE STATE.

[INDICTMENT FOR WILLFUL OR MALICIOUS MISCHIEF.]

1. *Constituents of offense.*—Malice is a necessary ingredient of the offense denounced by section 3114 of the Code; but, under section 3115, if the act is either willful or malicious, the offense is complete.
2. *When witness may give opinion as to value of animal.*—Under an indictment for willfully or maliciously shooting a mule, a witness who was acquainted with the mule both before and after the infliction of the injury, but who has no skill in veterinary or medical science, may state his opinion as to the extent of damage caused by the wound.

FROM the Circuit Court of Shelby.
Tried before the Hon. WM. S. MUDD.

THE indictment in this case contained two counts; the first charging, that the defendant, Martin Johnson, "willfully or maliciously injured a mule of some value, belonging to William Richards;" and the second, that he "willfully or maliciously disfigured a mule," &c. No objection was made to the indictment; and the only plea was, not

guilty. On the trial, as appears from the bill of exceptions, "the State introduced proof tending to show that, within six months before the finding of the indictment, and in said county, the mule which was described in the indictment as the property of William Richards, received a gun-shot wound, which was inflicted by the defendant;" and there was evidence tending to show that said mule, was the property of said Richards. "One McClellan, a witness for the State, who was a farmer, testified, that he had raised, bought and sold horses and mules, and always judged for himself, and did his own trading in such things, although he had no skill in veterinary science, and had never treated medically a gun-shot wound; that he was well acquainted with said mule, before and at the time it was shot, as well as since that time; that he examined the wound the day the mule was shot, when it was fresh, and had examined it after it healed; that the wound was in the shoulder, and the shoulder had thereby become enlarged; that the mule was worth one hundred and fifty dollars before it was shot, and that, in his opinion, the damage or injury done to the mule by the wound was fifty dollars. The defendant objected to the witness giving his opinion, as to the damage or injury done to the mule by the said wound; but the court overruled the objection, and permitted the evidence to go to the jury; to which the defendant excepted." The court charged the jury, among other things, "that it was not necessary for the State to prove, that the defendant, if he shot the mule, was actuated by malice, either towards the mule, or towards its owner;" to which charge, also, the defendant reserved an exception. The several rulings of the court to which exceptions were reserved, are now assigned as error.

HEFLIN, MARTIN & FORNEY, for the defendant, cited the following cases: *The State v. Pierce*, 7 Ala. 728.; *M. & W. P. Railroad Co. v. Varner*, 19 Ala. 185; *Norman v. Wells*, 17 Wendell, 136.

M. A. BALDWIN, Attorney-General, *contra.*

A. J. WALKER, C. J.—The statute under which the defendant was indicted, is in the following words : "Any person, who *willfully or maliciously* injures or disfigures any horse, mare, gelding, colt, filly, ass, or mule, the property of another, must, on conviction, be fined not less than five times the amount of the injury done, and may be imprisoned not more than six months."—Code, § 3115. The indictment is not framed under section 3114, which prescribes the punishment of a person "who *unlawfully and maliciously* kills or disables any animal belonging to another, or *unlawfully and maliciously* injures or destroys any article or commodity of value, the property of another."—Code, § 3114. An obvious difference between the two sections is, that under the former, willfulness or malice, characterizing the specified act, is sufficient to constitute the offense; while under the latter, unlawfulness and malice are necessary ingredients of the offense. A like difference exists, between the statute under which the indictment in this case was framed, and the statute which was construed in *State v. Pierce,* 7 Ala. 728.—Clay's Digest, 417, § 5. This last-named statute expressly required, that the act should be unlawful, willful, and malicious ; and it was in reference to that statute, that the court, in arguing the question before it, declared malice against the owner of the animal to be an essential element of the offense. That *dictum,* made in arguing the construction of such a statute, is entitled to no influence upon the question presented in this case. Under the statute now under consideration, the willful performance of the specified acts, as well as the malicious performance of them, constitutes the offense. It was, therefore, proper for the court to charge the jury, that proof of malice towards the mule or its owner was not indispensable.

[2.] We think the court below committed no error, in permitting the State to prove that the damage or injury done to the mule was fifty dollars. Considering this evidence in connection with the evidence which precedes it, we understand it to amount to nothing more than the ex-

pression of the opinion of the witness, that the value of the mule was diminished fifty dollars by the injury done to it. It is but a comparison of the value before and after the injury; and such a comparison it was certainly competent for the witness to make.—*Ward v. Reynolds*, 32 Ala. 385. We do not think the question decided in the *M. & W. R. R. Co. v. Varner*, (19 Ala. 185,) at all analogous to that presented in this case.

Affirmed.