# SELMA & MERIDIAN R. R. CO. *vs.* KNAPP.

[ACTION ON THE CASE.]

1. *Diminution in value of rent; proof concerning.*—In an action on the case against a railroad company for injury done to a house and lot, in a town, by the construction of a railroad cut, in the street opposite, it is competent to show, that the value of the rent of the property was thereby diminished ; but it is not competent to show, that the rent of other property, similarly situated, belonging to third persons, was diminished by the same cause.

2. *Special injury; proof of.*—It is competent to show that the premises were diminished in value by the railroad cut, specifically, as a residence and shoe shop, purposes to which they had been previously put.

APPEAL from Circuit Court of Marengo.
Tried before Hon. JAMES COBBS.

KNAPP brought his action of trespass on the case against the " *Selma and Meridian Railroad Company*" for injury done, as alleged, to his house and lot, situated in the city of Demopolis, by reason of the opening of a railroad cut

or ditch, twenty feet deep and forty feet wide, along the street in said city, upon which his house and lot were situated. In the course of the trial plaintiff introduced a witness "to prove what was the value of the rents, or the the rents of property situated on the street over which said defendant's road was located, namely, Franklin street, Demopolis; and said witness testified, that he did not know the value of said rent, or what property, located in said street, would rent for, because he had known of none having been rented on said street; but he knew the value of rents, and of other property in said city. The plaintiff then asked the witness how much the rents of the property of plaintiff was depreciated in value by the construction of said road? To this question defendant objected, on the ground that witness was not competent to express an opinion, and that this question was illegal; but the court overruled the objection, and permitted the witness to testify that the rents of said property were depreciated from one-half to two-thirds of its former value by the construction of said road. To these rulings of the court defendant severally excepted. The plaintiff then introduced a witness who owned property adjoining the property of plaintiff, and asked him if he had ever offered said property for rent, since the construction of defendant's road. To this question defendant objected, but the court overruled the objection. The witness then testified that he had offered said property for rent without finding any one to rent it. To this testimony defendant excepted. Plaintiff was allowed, also, to prove, against the objection of defendant, that the value of his premises, as a residence and a shoe shop, had been injured by the construction of defendant's road.

There was a verdict and judgment for the plaintiff for the sum of $700, from which the defendant appealed, and assigned for error the rulings aforesaid.

CLARKE & LYON, for appellant.
RICE, SEMPLE & GOLDTHWAITE, contra.

A. J. WALKER, C. J.—We think it was permissible for the plaintiff to show that the value of the rent of his prem-

ises was diminished.—*Johnson v. State*, 37 Ala. 457 ; *Ward v. Reynolds*, 32 Ala. 384. But we do not think it was competent to prove the diminution in the value of the rents of other premises similarly situated, and affected by the same cause. Such evidence ought not to have influenced the jury, and ought not to have been admitted. Although we entertain much doubt upon the subject, we decide, that there was no error in admitting the evidence as to the injury to plaintiff's lot in its adaptation to the purpose of residence and a shoe shop.

Reversed and remanded.