# Johnson *v.* State.

### *Indictment for Wilfully and Maliciously Trespassing on Land, &c.*

1. *Trespass to realty; section 4417 of Code construed.*—Section 4417 of the Code, with reference to trespass to realty, makes offenses out of certain, acts which were mere civil trespasses at common law, and divides these offenses into two classes.

2. *Same.*—The first clause of the section punishes wilful and malicious trespasses on the lands of another, " by cutting down or destroying wood or timber growing thereon, or severing from the freehold any produce thereof," &c.; and to constitute the offense, the prohibited acts must be done wilfully and maliciously, with malice directed to the owner of the premises—it is not necessary that there should be any *asportavit*, or that the trespass be committed *lucri causa.*

3. *Same.*—The second clause, providing for the punishment of any one taking or carrying away from the freehold any thing thereto attached, under such circumstances as render the trespass a larceny, if the thing severed and taken away were personal property, was intended to enlarge the operation of the statutes for the suppression of larceny; and to constitute an offense under this branch of the statute, felonious intent, or act done *causa lucri*, is a fundamental inquiry, while malice to the owner is not.

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN A. MINNIS.

The appellant, Dock Johnson, was convicted on an indictment, charging in a single count, that he "wilfully and maliciously trespassed upon the lands of William R. Westcott, by cutting down or destroying a quantity of wood or timber, at the time growing thereon," against the peace, &c. On the trial, the State introduced David Westcott, who testified that, within twelve months before the finding of the indictment, he found defendant on some wood land belonging to William R. Westcott, loading a one-horse wagon with sticks of fire-wood which had been freshly cut; that he asked defendant if he had permission to take the wood, and that defendant told him he had not, and then asked witness not to inform on him. Witness had several times previously seen defendant coming out of said woods with his wagon loaded with fire-wood.

William R. Westcott was then introduced, and testified

[Johnson v. State.]

that he had never given defendant permission to cut or haul wood from his place.

This was all the evidence. The defendant requested the following written charges:

" 1. In order to find that malice existed towards Mr. William R. Westcott, there must be some proof thereof, and they are not authorized to presume malice unless the facts clearly justify it.

" 2. In order to find that malice existed to the owner, Wm. R. Westcott, there must be some proof thereof; and the jury are not authorized to presume malice, unless the facts and circumstances brought out by the evidence justifies such finding, beyond all reasonable doubt.

" 3. Unless the jury find beyond all reasonable doubt that the wood was cut wilfully and maliciously, they can not find the defendant guilty; and if they have a reasonable doubt as to whether he did it wilfully and maliciously, or with the intent simply to convert the wood to his own use, they must find the defendant not guilty.

" 4. The jury must find beyond a reasonable doubt that malice existed toward the owners of the land, and if they have a reasonable doubt of this, they must acquit.

" 5. If the jury believe the evidence, they must find the defendant not guilty."

The court refused each of these charges, and the defendant duly excepted. Their refusal is now assigned as error.

JOHN GINDRAT WINTER, for appellant.—The statute, or part of the statute, (Code of 1876, § 4417,) under which this indictment was found, requires that the cutting should be done with both a wilful and malicious intent. The words *" wilfully "* and *" maliciously "* are coupled by the conjunction *" and."* The charges assert the proposition, that unless the evidence establishes both of these ingredients, the jury must acquit; or, if the jury have a reasonable doubt as to whether the act was done wilfully and maliciously, or *simply* to convert the wood to his own use, they must find the defendant not guilty. The indictment charged malice; and that malice must exist towards the owner, and the evidence utterly fails to show any malice on the part of the defendant to Wm. R. Westcott, or any other person.—See *Northcott v. State,* 43 Ala. 330; *Johnson v. State,* 37 Ala. 457. These cases arose under a similar statute, and assert principles which are directly applicable to the case at bar.

H. C. TOMPKINS, Attorney-General, *contra.*

STONE, J.—Section 4417 of the Code of 1876 converts into crimes certain acts which, at common law, were mere civil trespasses. It is divided into two classes. The one consists in wilfully and maliciously committing a trespass on the lands of another, "by cutting down or destroying any wood or timber growing thereon, or by severing from the freehold any produce thereof, or any property or thing thereto attached." It will be observed that this offense, the other ingredients being present, is complete, without the *asportavit.* The controlling words are *wilfully* and *maliciously.* No matter how inexcusable the trespass, the criminal offense is not made out, unless the act is wilfully and maliciously done. Wilfully is a strong word, much stronger than the word intentionally.—See *Mitchell v. The State,* 60 Ala. 26. It means, governed by the will, obstinate, perverse. Maliciously, in this sentence, is still more significant and controlling. It means, with ill-will, malevolence, grudge, spite, wicked intention, enmity. And this ill-will can not exist without an object. It must be aimed at some one; and assimilating this offense to malicious mischief, which it very much resembles, we hold the malice the culprit entertains must be directed to the owner of the premises.—*Northcott v. The State,* 43 Ala. 330; *State v. Price,* 7 Ala. 728; *Johnson v. The State,* 37 Ala. 457. We think this clause of the statute was intended to enlarge the provisions of the criminal law against malicious mischief, so as to make them embrace growing timber and other products of the soil, and other things attached to, and part of the freehold, as well as certain enumerated chattels. Hence, any person who wilfully and maliciously cuts down or destroys growing timber on another's land or freehold, or severs any produce thereof, or property or thing thereto attached, is guilty of the offense, without any reference to the gain or profit to accrue to the offender. His purpose may have been destruction of the property. It is the malice or ill-will of the deed, which constitutes the criminality.

The second branch of the statute enlarges the operation of the statutes made for the suppression of larceny. This offense, at common law, could only be committed by feloniously taking and carrying away the personal goods of another. Any thing attached to, and thus part of the freehold, could not be its subject, unless it had been first severed, and afterwards feloniously taken and carried away. Under this stat-

[Lee v. Campbell.]

utc, "any person who severs and carries away from the free-hold, any property or thing thereto attached, under such circumstances as would render the trespass a larceny, if the thing severed and carried away personal property," is guilty of the public offense it denounces.   Felonious intent is a fundamental inquiry under this branch of the statute, while malice is not an ingredient of the offense.   The first branch of the section intends to prevent the destruction or injury of the property described, when done from ill-will or malice to the owner; the latter branch intends to punish and prevent the severing and carrying away such property, when done feloniously, at *causa lucri*.   The particular intent which characterizes the one offense, is entirely unlike that which distinguishes the other.

The indictment in the present case contains only one count, and one specification of offense, to-wit: that the defendant "wilfully and maliciously trespassed on the lands of W. R. W. by cutting down or destroying a quantity of wood or timber at the time growing thereon."   We have shown above that to constitute this offense, there must be malice against the owner.   Several of the rulings of the City Court are not reconcilable with these views.

Reversed and remanded.   Let the prisoner remain in custody until discharged by due course of law.