# Town of Avondale v. McFarland et al.

*Action for damages.*

1. *Liability of municipality for damages for changing grade of streets.*— Under the constitutional provisions now of force, (Const. Art. XIV, § 7), a municipal corporation is liable in damages for injuries caused to property abutting on a street, by so changing the grade of said street as to prevent the natural flow of the water from said adjacent property. (City Council v. Townsend, 80 Ala. 489, s. c. 84 Ala. 472 overruled to this extent.)

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES B. HEAD.

This was an action brought by the appellee against the town of Avondale, to recover damages for injuries caused to property of the plaintiffs by the defendant changing the grade of one of its streets, on which the property of the plaintiffs abutted. The facts of the case are sufficiently stated in the opinion.

In accordance with the verdict of the jury, there was judgment for the plaintiffs. The defendant appeals, and

assigns as error the several rulings of the court, to which exceptions were reserved. It is deemed unnecessary to set out these several rulings in detail.

M. A. MASON, for appellant, cited *City Council v. Townsend*, 80 Ala. 489, 2 So. Rep. 155 ; *City Council v. Townsend*, 84 Ala. 472, 4 So. Rep. 780.

W. F. DICKINSON, *contra*, cited *City Council v. Maddox*, 89 Ala. 181, 7 So. Rep. 433 ; *Oakley v. Trustees*, 6 Paige 262 ; *City of Delphi v. Evans*, 36 Ind. 90, 10 Amer. Rep. 12 and note ; *Louisville v. Mill Co.*, 3 Bush 416 ; *Goodall v. Milwaukee*, 5 Wis. 32 and note.

STONE, C. J.—The transcript before us shows without material conflict, as we think, the following state of facts :

The town of Avondale was laid off into lots, with places for streets marked off. One of the streets passed over low, wet ground ; so low and wet, that to fit it for travel as a highway, and render it convenient and safe for use as a street, it was necessary to fill in and raise its grade. Adjoining this unimproved street was a lot which corresponded in grade with the street in its natural, unimproved stage. Plaintiffs below—appellees here—purchased this lot, and erected upon it a dwelling, which was occupied by one or more of them. After this, the town authorities filled in and raised the grade of the street, so as to make it safe and convenient as a highway. The effect of thus raising the grade of the street was to check the natural flow of water from plaintiff's lot, and cause it to stand upon it six or eight inches in depth. It is not claimed that this work was done unskillfully or carelessly, but it is complained that no escape or outlet was provided, by which the water could flow off. On the other hand the town authorities made proof tending to show that it was not practicable to provide an escape or outlet for the water, except across other lots that were private property.

We propose to consider only a single question, namely : Whether in laying off lots and streets, dedicating the latter and selling the former, it is part and parcel of the implications of the contract of sale, that the corporate authorities shall have the right and power to so change

and improve the streets, as to make them safe and convenient highways for the public; and this, without being required to make compensation to the lot-owner for the injury done his property.

Section 7, Article XIV of the Constitution of 1875 ordains that "Municipal and other corporations, and individuals vested with the privilege of taking private property for public use, shall make just compensation for the property taken, injured or destroyed by the construction or enlargement of its works, highways, or improvements." In *City Council of Montgomery v. Townsend*, 80 Ala. 489, 2 So. Rep. 155, s. c., 84 Ala. 478, 4 So. Rep. 780, the foregoing question was answered by this court in the affirmative. In the later case of *Same v. Maddox*, 89 Ala. 181, the court was equally divided on the forgoing inquiry, leaving it undecided. If the duty and liability to make good the damage done is in all cases absolute, without regard to the conditions hypothesized above, then the rulings of the circuit court in this case are free from error. On the other hand, if the rulings in *Townsend's Case* are followed, the judgment of the circuit court must be reversed; for the rulings are not reconcilable with those cases.

The majority of the court concurs in, and adopts the opinion of Justice Somerville as pronounced in *City Council v. Maddox*, 89 Ala. 181, 7 So. Rep. 433; and as the principles of that opinion were given effect to in the trial of this case in the circuit court, the result is an affirmance of this case. The decision in the *Townsend Cases*, 80th and 84th Alabama, is overruled, to the extent it conflicts with this opinion.

Affirmed.