Dale v. The City of St. Joseph.

---

ELIZA DALE *et vir*, Respondents, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, December 3, 1894.

1. **Municipal Corporations**: CHANGE OF GRADE: MEASURE OF DAMAGES. In a case where there is a material change of the grade of a street from its natural surface, the measure of damage to the abutting property is the difference in its market value immediately before the grading and immediately thereafter.

2. ———: ———: ———: INSTRUCTION. The use of the term property in an instruction on the measure of damages in this case is condemned as tending to mislead the jury into considering the damage to the improvements, as well as to the naked lots, and the use of the more restrictive word "lots" is recommended.

*Appeal from the Buchanan Circuit Court.*—HON. H. M. RAMEY, Judge.

REVERSED AND REMANDED.

*Huston & Parrish* for appellant.

(1) It was admitted that the city, in 1880, duly established the grade of Water street. The plaintiff's

uncontradicted testimony is that the first house was built in 1883—the last one four years thereafter. The court therefore erred in instructing the jury to consider the difference in value of the entire property, houses as well as lots, caused by the grading. The appellant is not responsible for depreciation of improvements placed on premises after the grade has been established. Such is the well settled law of this state. *Davis v. Railroad*, 24 S. W. Rep. 777; *Clinkenbeard v. City of St. Joseph*, 27 S. W. Rep. 521; *City of Montgomery v. Townsend*, 2 S. Rep. 155; *City of Denver v. Vernia*, 8 Pac. Rep. 656; *Harmon v. Omaha*, 23 N. W. Rep. 503. (2) Under the evidence the highest estimate of cost of filling up the lots was that by Quigley—$396. The lowest was $62. Then the verdict of $1,300 is grossly excessive, and the court can only reverse the case.

*Vories & Vories* for respondent.

(1) The instructions given on the part of the plaintiff properly declared the law. The court, at the request of the plaintiff, expressly declared the measure of damages to be the difference in the market value of the lots immediately before the grading of Water street by the city and immediately after the grading was done and before the plaintiff filled the lots. The jury were thereby precluded from considering the value of the improvements on the lots or damages thereto, and the authorities cited by appellant regarding the damage to the improvements are not in point. (2) The market value of the lots without the improvements was $20 per front foot before the grading of Water street. The grading of Water street damaged their value fifty or sixty per cent. The jury found a verdict for $1,300, about fifty-five per cent. of the value of the naked lots. This was not excessive, and the verdict should stand.

SMITH, P. J.—This is a suit for damages to lots one (1), two (2) and three (3), in block forty-six (46), Robidoux addition to the City of St. Joseph, caused by the grading of Water street; these lots lie in a body and have a frontage of one hundred and twenty feet on Water street and run back one hundred and sixty feet to an alley.

The evidence shows that before the grading of Water street the lowest point of their surface was the southwest corner; from this point north along Water street, the west line of these lots, and east along Pauline street, their south line, their surface was nearly level, they being terraced about three feet above the street, along both fronts. All that part of said lots lying south and west of a line running from the northwest corner to the southeast corner of these lots was practically level. A short distance east of this diagonal line, and near the center of the lots, was a root house or cellar, built in the side of an abrupt rise, upon which stood an old house in the northeast corner of these lots. The north line of this property, as well as the east line, was a gradual rise from the street for at least half the distance of each, where the abrupt rise upon which the old house stood was reached. The grading of Water street made it necessary to fill the lots, and the fill on the lots to reach the grade of Water street, as raised, covered more than two-thirds of their surface, the root house or cellar east of the center of the lots being covered up and destroyed by the fill. Water street at the southwest corner of the lots, was filled to a depth of from fifteen to seventeen feet. This fill gradually decreased along the west line of the lots until at the northwest corner of same, Water street was filled about eight feet. To reach Water street at the southwest corner of the lots, after the grading was done, required

a fourteen foot ladder, when placed on the surface of the lots; the fill in Water street, when measured on a pole standing in the street, showed a fill of seventeen feet in Water street at the southwest corner of these lots. The surface of the lots runs three feet above the surface of Water street before graded. There were three small dwelling houses situate thereon. The evidence shows the market value of the naked lots immediately before the grading of Water street was at least twenty dollars per front foot, and that the grading of Water street reduced their market value forty or fifty per cent. The jury found a verdict for $1,300, about fifty-five per cent. of their market value. There was judgment for plaintiffs accordingly, and from which defendant appealed.

The defendant objects that the trial court erred in giving the first and second instructions asked by plaintiff, which were as follows:

"1. The court instructs the jury that if they believe from the evidence in this case that the market value of lots 1, 2 and 3, in block 46, Robidoux addition to the city of St. Joseph, in Buchanan county, Missouri, the property of the plaintiff, for the purpose it was used or could be used, was less immediately after the grading of Water street by the city and before plaintiff filled said lots than it was immediately before the grading of said Water street, then your verdict must be for the plaintiff.

"2. The court instructs the jury that if they find for the plaintiff in this case, the amount of your verdict must be the difference in the market value of the property of the plaintiff for the purpose for which the property was used, or could be used, immediately before the grading of Water street by the city and immediately after the grading of said Water street, and before anything was done by the plaintiff towards filling or otherwise

improving her said property; and in determining the difference, if any, in the market value of said property before and after the grading of Water street as aforesaid, the jury should consider the condition of said property, with reference to Water street, before said street was graded and the condition said property was left in by the grading of Water street, with reference to Water street, immediately after said grading was done, and all the surrounding circumstances in evidence in the case.''

This is a case where there was a material change of the grade of a street from the natural surface thereof. The measure of damages which plaintiff was entitled to recover was the difference in the market value of her lots immediately before the grading of the street by defendant and immediately after such grading and before the plaintiff filled them up. *Davis v. Railroad,* 119 Mo. 180; *Clinkenbeard v. Railroad,* 27 S. W. Rep. 521; *Denver v. Vernia,* 8 Col. 399; *Montgomery v. Townsend,* 80 Ala. 489. And it seems to us that the plaintiff's first instruction, already quoted, very correctly states the rule in relation to the measure of damages.

But it is further objected that the plaintiff's second instruction is erroneous in that it employs the term "property" which is of a broader and more comprehensive significance than that of "lot." There was evidence introduced, the tendency of which was, to show the damages to the property, including the improvements thereon, and it may have been that the jury were led by the language of this instruction to believe that they were authorized to take into consideration the element of damage to the improvements as well as that to the naked lots. Indeed this must have been so, since it appears from the evidence that the naked lots were of a value not over $2,400, and no witness testified that the same were damaged by reason

of the grading over fifty per cent. of the value, or $1,200, and yet the verdict of the jury was for $1,300, or $100 more than was authorized by any evidence adduced. The conclusion is irresistible that the plaintiff's second instruction must by its terms have misled the jury to the prejudice of defendant or else their verdict would not have been so much in excess of the amount justified by the evidence. The term "property" without qualifying words should not have been used in the plaintiff's second instruction. It would have been better to have employed the restrictive word "lots" in both instructions.

We can not tell what effect this error had on the minds of the jury in estimating the damages, so that we are obliged to reverse the judgment and remand the cause for further trial. All concur.