# Town of Eutaw *v.* Botnick.

*Action for Damages to Abutting Property by Grading or Excavating Street.*

(Decided April 20, 1907. 43 So. Rep. 739.)

1. *Witnesses; Cross Examination; Credibility.*—Plaintiff having testified that his property was worth $3,500.00 before the grading was done, it was competent on cross examination, to test the accuracy of his knowledge, the reasonableness of his estimate and the credibility of his testimony, to ask him whether he had not offered to sell the property to a certain person a week prior to the grading for the sum of $3,000.00.

2. *Municipal Corporations; Public Improvements; Change of Grade; Action for Damages; Evidence.*—In an action for damages to property caused by grading the sidewalk it is competent to show the value of the abutting property immediately after the grading was done as bearing upon the damages.

3. *Witnesses; Cross Examination.*—It was proper to permit the witness on cross examination to be asked as to the rental value of the property before and after the grading was done in order to test the correctness of his estimate of the value before and afterwards and to assist the jury in determining the question of deterioration.

4. *Municipal Corporations; Public Improvement; Changing Grade; Damages; Evidence.*—Although the jury was entitled to know the condition of the ground so as to determine whether the grading interfered with the ingress and egress to the property,

[Town of Eutaw v. Botnick.]

questions diretced to the character of the sidewalk before and after the work was done directing attention to the improvements were improper.

5. *Same.*—In action for damages to property caused by grading and abutting sidewalk the fact that a retaining wall was built was proper; but the question "you would like also to get the contract to build the retaining wall which you have been testifying about?" was improper.

6. *Trial; Reception of Evidence; Objections.*—Where questions are not objectionable on the grounds stated in the objection, but are objectionable on other grounds, it is not error to sustain an objection thereto.

APPEAL from Greene Circuit Court.

Heard before Hon. S. H. SPROTT.

Action by H. Botnick against the town of Eutaw. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

HARWOOD & McKINLEY, for appellant.—The defendant had a right to show that the plaintiff had offered to sell his property for a less sum than he testified that it was worth.—6 Am. & Eng. Enc. Law, (1st Ed.) 620; *Brandywine & W. Ry. Co. v. Ranck,* 78 Pa. 454 ; *Springer v. City of Chicago,* 12 L. R. A. 609.

The defendant had a right to show the market value of the plaintiff's said lot, immediately after the grading was done.—*City Council v. Townsend,* 80 Ala. 489; *B'ham Ry. Light & Power Co. v. Oden,* 41 So. 129; *City Council v. Maddox,* 89 Ala. 181; *Mayor and Aldermen v. Ewing,* 116 Ala. 576.

The defendant had a right to prove that the rental value of plaintiff's property had been enhanced, in order to show that the property had not depreciated in value. —10 A. & E. Enc. Law (2nd Ed.) 1165; *Kisling v. Shaw,* 91 Am. Dec. 644; *S. & M. R. R. Co. v. Knapp,* 42 Ala. 480.

The defendant had a right to show the physical condition of the sidewalk both before and after the grading was done by the defendant. The jury had a right to know the facts, not merely the opinion of the witnesses

which were based on such facts.—*Hames v. Brownlee*, 63 Ala. 277.

The court erred in allowing the plaintiff to prove that the grading necessitated the building of a retaining wall, or the grading back of plaintiff's lot, and the cost of building such wall or doing such grading.—*McGuire v. Grant*, 67 Am. Dec. 49; *City Council v. Maddox, supra; City Council v. Townsend, supra; B'ham Ry. L. & P. Co. v. Oden, supra.*

The court erred in refusing to allow the defendant to introduce evidence to show bias on the part of the witness Gillen.—4 Mayfield's Digest, 1180-66b. In order to prove that the property had not been depreciated in value by the grading, the defendant had a right to show that the market value of the property was enhanced by the grading.—*Springer v. City of Chicago*, 12 L. R. A. 615; *Farkas v. Towns*, 68 Am. St. Rep. 88 (90); *Newman v. Metropolitan R. Co.*, 7 L. R. A. 289; *Blair v. Charleston*, 35 L. R. A. 852 (858); *Chicago M. & St. L. R. R. v. Hall*, 90 Ill. 42; Constitution 1901, § 235; *Ala. & Fla. R. R. Co. v. Burkett*, 46 Ala. 569.

DEGRAFFENRIED, EVINS & POUNDERS, and McQUEEN & HAWKINS, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This was an action by the appellee against appellant, claiming damages for injury to the property of the plaintiff caused by the grading—excavating—of the sidewalk abutting said property. The complaint as amended alleged "that the said property was greatly impaired and injured and the market price of said property was depreciated" by the work done; and issue was joined on the first plea of not guilty, and the third plea, alleging that the work complained of "has not lessened or impaired the market value of the property." The only assignments insisted on relate to objections to testimony.

The plaintiff, being upon the stand as a witness, had testified that the lot in question was worth $3,500 before the grading was done, and was asked on cross-examination, "whether or not, just about a week prior to the

date of the grading, * * * he (the witness) had not offered to sell said property to Bernard Harwood for $3,000." This question was objected to, and the objection sustained by the court. On the cross-examination this question was proper to test "the accuracy of the witness' knowledge," "reasonableness of his estimate of value, and, in consequence, the credibility of his testimony."—*Buist v. Guice*, 105 Ala. 518, 16 South. 915; *Ladd, et al. v. Lad, et al.*, 121 Ala. 584, 586, 25 South. 627; *East Brandywine, etc., R. R. v. Ranck*, 78 Pa. 454; *Springer v. Chicago*, 12 L. R. A. 609, 135 Ill. 552, 26 N. E. 514. Consequently the court erred in sustaining the objection to this question.

The nineteenth and twenty-eighth assignments of error relate to the action of the court in sustaining objections to the question by defendant to witnesses: "What was the market value of the plaintiff's said property immediately after said grading was done?" The plaintiff himself had testified as to the market value of the property before the grading was done, and he and other witnesses had been permitted to testify that they knew the market value of said property, both before and after the grading was done, and that in their opinion the market value had been depreciated in various amounts by the grading. As to the rule of measuring damages in such cases, there have been a great many conflicting views by courts of other states; the storm center of the controversy being as to whether or not, in reaching a conclusion as to whether the property was depreciated or improved in value, the benefit which the property has received as a result of that improvement shall be taken into consideration. Lewis, in his work on Eminent Domain, states that the decisions are divided into five classes, as follows: "(1) Benefits cannot be considered at all. (2) Special benefits may be set off against damages to the remainder, but not against the value of the part taken. (3) Benefits, whether general or special, may be set off as in the last proposition. (4) Special benefits may be set off against both damages to the remainder or the value of the part taken. (5) Both general and special benefits may be set off as in the last

proposition."—Lewis on Eminent Domain, § 465. He classes Alabama among those of the fifth class, and refers to an Alabama case (twice reported) which the learned writer does not seem to have carefully read. When the case was first before this court, it was held that just compensation for lands taken must be made in money, and that any increased value of the land arising from the public works cannot be considered, and that section 5 of the act to amend the charter of the railroad company in question, which required the jury to take into consideration the benefits, related alone to damages sustained by the owner of the lands taken, and not to "assessing the amount of compensation to be paid for lands actually taken."—*Ala. & Fla. R. R. v. Burkett,* 42 Ala. 83, 88, 90, 91. When the case came up for consideration a second time, the decision was that the then Constitution of Alabama did not apply, as the previous charter granted the company was a contract, and according to section 5, and according to the definition of the word "compensation," the advantages were to be balanced against the disadvantages.—*Ala. & Fla. R. R. v. Burkett,* 46 Ala. 569, 578, 579.

This distinction between "compensation" and "damages," hinted at in the above case in 42 Ala., has been fully recognized in the courts of other states, and there is reason in it. The party whose land is taken should certainly be paid in full for the land actually taken, without regard to any benefits accruing to the remaining lands; but, when the party seeks to recover for the injury or damage to the remaining lands, it is difficult to see how it can be said that any damage has been suffered, by reason of the change of grade and making of the sidewalk, if the net result of that work has been that the land has been benefited, and not deteriorated, in value. As said by the Supreme Court of Illinois: "A partial effect only is not to be considered, but the whole effect. * * * This is not deducting benefits or advantages from damages, but is ascertaining whether there be damages or not." And this was said while construing a statute which provided that benefits and ad-

28 R

vantages should not be considered.—*Page, et al. v. Chicago, etc., Ry. Co.*, 70 Ill. 324, 328; *Chicago, etc., R. R. v. Hall*, 90 Ill. 43, 46. The Supreme Court of West Virginia, also, under a Constitution like ours, which has added the word "damaged" to "taken," in the section requiring compensation for property appropriated to public use, holds that, in ascertaining whether property not taken has been damaged, the special benefits must necessarily be taken into consideration.—*Blair v. Charleston*, 35 L. R. A. 853, 857, 43 W. Va. 62, 26 S. E. 341, 64 Am. St. Rep. 837. The laws of New York provide that commissioners, appraising property acquired for the construction of railways, shall "make no allowance or deduction on account of any real or supposed benefits," etc.; and the Court of Appeals holds that this applies to the compensation for the land taken, and not to the damages to the remaining land.—*Newman v. Metropolitan Elevated R.*, 7 L. R. A. 289, 291, 118 N. Y. 618, 23 N. E. 901; *Bohm, et al. v. M. E. R. Co., et al.*, 129 N. Y. 576, 591, 593, 29 N. E. 802, 14 L. R. A. 344. In this last case the court says the rule permits the abutting owner to recover full amount of actual damages, but "will not permit such owners to recover, by some theoretical or abstract mode of reasoning, alleged damages, which in plain truth they have never suffered."—Page 596 of 129 N. Y., page 808 of 29 N. E. (14 L. R. A. 344). See, also, *Chase v. City of Portland*, 29 Atl. 1104, 86 Me. 367. Our present Constitution has no clause prohibiting the consideration of benefits; but section 1718 of the Code of 1896 seems to bear out the distinction between "compensation" (for property actually taken) and damages (to the remainder, for it), and makes it the duty of the commissioners "to assess the damages and compensation," and merely provides that the compensation must not be reduced because of benefits.

Some of the cases draw the distinction between special benefits and general benefits, and others indicate that the line between the two is imaginary. However that may be, the general trend of the best authorities is that the simple question is whether or not, taking all things into consideration, the property has deteriorated

in value, as the result of the work done, or has it increased in value? Of course, if it has increased in value, the owner has not been damaged. In other words, the test is the difference between the market value before and after the work done. As stated in the opinion of Judge Somerville in the *Maddox Case,* which was afterwards adopted as the rule by this court in the *Town of Avondale Case*: "This rule has the advantage of being plain in meaning and of easy application in practice."—*City Council of Montgomery v. Maddox,* 89 Ala. 181, 189, 7 South. 433; *Town of Avondale v. McFarland, et al.,* 101 Ala. 381, 383, 13 South. 504; *City Council of Montgomery v. Townsend,* 80 Ala. 489, 497, 2 South. 155, 60 Am. Rep. 112; *Same v. Maddox,* 89 Ala. 181, 7 South. 433; *Birmingham Ry., L. & P. Co. v. Oden,* 146 Ala. 495, 41 South. 129, 132; 15 Cyc. 691, 701; *Louisville v. Hegan,* (Ky.) 49 S. W. 532; *Dale v. City of St. Joseph,* 59 Mo. App. 566. No point is made in this case as to any amount paid by plaintiff on account of assessment for the improvement. The pleadings present the simple question as to whether the property was depreciated in value.—*City of Bloomington v. Pollock,* 31 N. E. 146, 148, 141 Ill. 346. The court erred in excluding said testimony.

Assignments 9 and 10 are to the action of the court in refusing to allow the defendant to ask the plaintiff, on cross-examination, as to the rental value of the property before and after the construction of the sidewalk. We think the questions were proper, on cross-examination, to test the correctness of the witness' estimate as to value, and also as a circumstance to go to the jury in determining whether or not the property had deteriorated in value.—10 Am. & Eng. Ency. Law, 1165; *Kisling v. Shaw,* 33 Cal. 425, 91 Am. Dec. 645, 650, 651; *Selma & M. R. R. v. Knapp,* 42 Ala. 480; *City of Eufaula v. Simmons,* 86 Ala. 515, 518, 6 South. 47; 15 Cyc. 702; *Central of Ga. Ry. v. Keyton,* 41 South. 919, 923.

The testimony sought to be elicited by the questions set out in assignments 2, 3, 4, 5, 6, 7, 8, 11, 12, 20, and 21, were properly excluded. The questions related to the character of the sidewalk before the work was done

and after, whether a railing had to be kept up on said sidewalk before, to protect pedestrians, etc. The question at issue was, not whether the sidewalk was improved, but whether the value of the abutting property was depreciated. While it is true that the jury was entitled to know what the condition of the ground was, so as to know what amount of grading was done, in order to form an opinion as to whether ingress and egress were interfered with, yet these questions went further, and seemed to direct attention particularly to the improvement in the sidewalk. If the sidewalk was improved, the presumption is that the plaintiff paid for such part as was assessed against him, and was entitled to any benefits resulting therefrom. The use of the improved sidewalk was one of the general benefits enjoyed by the plaintiff in connection with the general public, and not to be taken into consideration in determining whether the property was improved or deteriorated.—*Chase v. City of Portland.* 29 Atl. 1104, 86 Me. 367; *Barr v. City of Omaha,* 60 N. W. 591, 593, 42 Neb. 341; *Lowe v. City of Omaha,* 50 N. W. 760, 33 Neb. 587.

The court did not err in permitting evidence of building a retaining wall, on account of the change of grade (assignments 13-16 and 24-27). This was proper to go to the jury as a circumstance to aid them in reaching a conclusion as to whether or not the property had deteriorated in value.—*Montgomery & W. R. R. v. Varner,* 19 Ala. 185, 188; *Hames v. Brownlee,* 63 Ala. 277, 278.

The question to the witness Gillen, "You would like, also, to get the contract to build the retaining wall which you have been testifying about?" was properly excluded. This was not asking for any fact.

From what has been hereinbefore said, it will be seen that the questions mentioned in assignments 18, 22, 23, and 29, were not objectionable on the grounds stated, yet they were objectionable as calling for the opinion of the witnesses as to the amount of damage.—*Montgomery & West Pt. R. v. Varner,* 19 Ala. 185, 187; *Ala. & Fla. R. R. v. Burkett,* 42 Ala. 83, 87; *Hames v. Brownlee,* 63 Ala. 277. Consequently the court cannot be placed in error for sustaining objections to them.

[Jones, et al. v. Elliot.]

The judgment of the court is reversed, and the cause remanded.

Tyson, C. J., and Haralson and Denson, JJ., concur.