# Tuskegee Land & Security Co. v. Birmingham Realty Co.

### Breach of Covenant.

### (Decided May 28, 1912. 59 South. 557.)

1. *Covenant; Breach; Damages.*—The measure of damages for breach of covenant of warranty against encumbrances in a deed conveying land abutting on a street, but conveying no part of the street, based on the allegation that the grantor had previously released the railroad company from liability for damages to the abutting property arising by reason of the construction and operation of the railroad in the street, is the difference in the market value of the land before and after the construction and operation of the railroad; and where the construction and operation of the railroad enhanced the market value of the land, but decreased the rental value thereof for a particular use, the grantee could only recover nominal damages.

2. *Same; Evidence.*—Evidence.that the rental value of the tenement houses on the land was decreased by reason of the construction and operation of the railroad, was admissible for the purpose of showing the market value of the property before and after the construction and operation, but was not admissible to show the difference in the rental value as an element of recoverable damages.

3. *Appeal and Error; Harmless Error; Evidence.*—Where, under the evidence, only nominal damages were recoverable, the refusal to give instructions on the measure of damages was not prejudicial.

4. *Same; Evidence.*—Where the only damages recoverable was the difference in the market value of the land before and after the construction and operation of the railroad, and the evidence showed that the value had been enhanced by the railroad, and none of the evidence offered by the plaintiff and excluded, and none admitted for the defendant over plaintiff's objection showed anything different, if error was committed, it was harmless.

5. *Courts; Dismissal; Nominal Damages.*—Where an action was brought for an amount of which the city court of Birmingham had jurisdiction, and a verdict was returned for nominal damages, and plaintiff was entitled to no more than nominal damages, the verdict for nominal damages was properly set aside and the action dismissed under section 5355, Code 1907, the plaintiff not being entitled to full costs although recovering nominal damages.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Action by the Tuskegee Land and Security Company against the Birmingham Realty Company for breach of covenant of warrant against encumbrances. Plaintiff recovering judgment for nominal damages, which was set aside, and the cause dismissed, and plaintiff appeals. Affirmed.

O. S. LEWIS, and W. C. WARD, for appellant. Rent is an element of the value of real estate.—*S. & M. R. R. Co. v. Knapp,* 42 Ala. 480. He who compels the landowner to a lower valuation must pay for the injury, it matters not what the use may be.—*Davis v. E. T. V. & G.,* 87 Ga. 605; *Gerrish v. Newmarket Co.,* 30 N. H. 485; *Francis v. Scoville R. Co.,* 53 N. Y. 153; 68 Am. St. Rep. 88; 96 Am. St. Rep. 133. A great deal of the evidence admitted was hypothetical and speculative, and therefore, erroneous.—*M. & O. v. Postal T. Co.,* 120 Ala. 22; 141 Ill. 509; 166 U. S. 226. Other evidence called for mere opinion.—42 Ala. 480. The rental value before and after the construction is the true measure of damages.—Authorities supra, and 67 Ala. 457; 191 Mass.

75; 184 Ill. 456; 10 Enc. of Law, 1165. The owner has the right to the damage to the use to which he has devoted the property—Authorities supra. Where a vendor grants land by a deed with covenants of title and the covenants are broken, in an action for the breach the vendee cannot recover in excess of the purchase price.—*Bibb v. Freeman,* 59 Ala. 312; *Clark v. Zeigler,* 79 Ala. 346; *Sayre v. Sheffield,* 106 Ala. 440. There can be no doubt of the fact that the release constituted an incumbrance.—125 Ala. 196; 112 Ala. 132; 137 Ala. 300; 109 Ala. 193; 83 N. E. 417; 119 Mass. 401; *Townsend v. City of Montgomery,* 80 Ala. 49.

LONDON & FITTS, for appellee. The court applied the rules of law laid down on a former appeal in this case (49 South. 378), and whatever of error was committed was harmless, and hence, on the authority of that case the judgment should be here affirmed.

PER CURIAM,—On a former appeal in this case (161 Ala. 542, 49 South. 378), it was ruled that the counts declaring as for a breach of covenants against incumbrances stated good causes of action.

The case, on being reversed and remanded, was tried upon these counts. The trial resulted in a verdict for plaintiff for nominal damages only; and on motion of defendant, made under the provisions of section 5355 of the Code, the court set aside the verdict and dismissed the suit, because the verdict was for less than $50. From this judgment the plaintiff appeals, assigning various errors to the admission and exclusion of evidence upon the trial, and as to the giving and refusing of various instructions to the jury. Most of the questions raised on the appeal, as to the evidence and the charges, go to the proper measure and the elements of damages.

The plaintiff had purchased from the defendant certain lots in the city of Birmingham. The lots were conveyed by deed, with the usual covenants and warranties against incumbrances. Prior to this conveyance, the defendant had granted to a railroad company the right to construct and operate a commercial railroad along a certain street which fronted the property conveyed, and thereby released the railroad company and its successor from damages as to this property abutting upon said street. This was held to be an incumbrance upon the lots conveyed, and therefore a breach of that covenant of the conveyance from defendant to plaintiff.

The plaintiff, of course, is entitled to be made whole —this and nothing more. The plaintiff acquired all the property he purchased. There was no failure of title as to quantity or quality of land conveyed. There was no attempt to convey any part of the street upon which the railroad was constructed; the lots conveyed were bounded by the margins of the streets. There was no attempt to pass the fee to any part of the street by means of the conveyance from defendant to plaintiff. The incumbrance, as before stated, was that the lots conveyed were exempted from all damages by reason of the construction or operation of a railroad along this street; and they were so exempted by the defendant's grantors before they were conveyed to plaintiff. The railroad company had thus acquired the right to incumber these lots by constructing and operating a commercial railroad upon this street, and acquired it prior to the time when plaintiff acquired its title.

Mr. Greenleaf says that the covenant of freedom from incumbrance is proven to have been broken by any evidence showing that a third person has a right to, or an interest in, the land granted, to the diminution of the

value of the land, though consistent with the passing of the fee by the deed of conveyance.—2 Greenl. Ev. § 242.

But for the grant by defendant to the railroad company, plaintiff could have recovered from the railroad company whatever damages as to these lots it suffered in consequence of the construction and operation of the railroad in the public street in front of such lots, which damages would be the diminution in value, if any, of these lots resulting from the construction and operation of the railroad upon such street. The defendant having released the railroad company from any such damages as to these lots, the plaintiff may recover the same damages from the defendant, as for the breach of this covenant, that he could have recovered of the railroad company, but for the prior grant and release; that is, in the absence of any negligence on the part of the railroad company in constructing or operating the railroad.

While this action is ex contractu, being an action of covenant, yet the measure and elements of damages are the same as if the action were in case against the railroad company for wrongfully constructing the road in front of plaintiff's property. In other words, the damages, and the measure and elements thereof, are the same that they would be in a condemnation proceeding by the railroad company, or in an action by the owner against the railroad company to recover damages as to abutting property.

The plaintiff in this action acquired title to every inch of land which was attempted to be conveyed to it. The only breach of covenant was the right in the railroad company to incumber the land by building and operating a railroad in the street in front of the property. The plaintiff did not own or claim the fee in or

to the street. So none of plaintiff's property was taken, or could be taken, under the grant of defendant to the railroad company, which was the only breach of covenant upon which plaintiff relied. But for this grant by defendant to the railroad company, plaintiff could have recovered damages from such company, if damages were suffered by reason of its constructing and operating the railroad in the street as indicated.

The plaintiff is entitled to be made whole or saved from loss on account of the former grant to the railroad company—this and nothing more. So the measure and elements of damages in this action for a breach of the covenants against incumbrances are, of necessity, the same as if it were a proceeding by a railroad company to condemn, or an action against a railroad company to recover damages for constructing and operating the railroad; all questions of negligence, wantonness, or malice being eliminated.

This court has often, after much discussion, announced the rules as to the proper measure and elements of damages for the taking of and injury to property in condemnation proceedings; and the trial court, in the main, seems to have correctly instructed the jury upon the subject.

It is true that the question of the proper measure and elements of damages in such cases is or has been a much-vexed one, the troubles of which have been frequently pointed out by the text-writers, and in the opinions of this and other courts upon the subject. See Lewis on Eminent Domain, § 465; *Montgomery v. Maddox*, 89 Ala. 181, 189, 7 South. 433; *Avondale v. McFarland*, 101 Ala. 381, 383; 13 South. 504; *Montgomery v. Townsend*, 80 Ala. 489, 497, 2 South, 155, 60 Am. Rep. 112; *Eutaw v. Botnick*, 150 Ala. 429, 434, 435, 43 South. 739.

Simpson, J., in the last case cited above, after reviewing the authorities, including our statutes and Constitution, and noting the conflict and variety thereof, spoke as follows: "Some of the cases draw the distinction between special benefits and general benefits, and others indicate that the line between the two is imaginary. However that may be, the general trend of the best authorities is that the simple question is whether or not, taking all things into consideration, the property has deteriorated in value as the result of the work done, or has it increased in value? Of course, if it has increased in value, the owner has not been damaged. In other words, the test is the difference between the market value before and after the work done. As stated in the opinion of Judge Somerville, in the *Maddox Case,* which was afterwards adopted as the rule by this court in the *Town of Avondale Case:* 'This rule has the advantage of being plain in meaning, and of easy application in practice.' "

The question of general and special benefits accruing to the property injured has been one as to which the authorities could not agree; the controversy being whether such benefits could or should be taken into consideration in determining the amount of compensation and damages to which the owner is entitled. The contrariety of the authorities on the subject probably called forth our statute dealing therewith, which is now section 3872 of the Code, reading as follows: "The amount of compensation to which the owners are entitled must not be reduced or diminshed because of any incidental benefits which may accrue to them, or to their remaining lands in consequence of the uses to which the lands to be taken, or in which an easement is to be acquired, will be appropriated. Declaratory only."

This provision first appeared as a part of section 3211 of the Code of 1886, and, subsequently, as a part of section 1718 of the Code of 1896. While the chapters, articles, and sections of the Codes containing these provisions have been amended from time to time by acts of the Legislature, this particular provision has remained unchanged, in the main since its first appearance in the code of 1886. While there is some change in the verbiage, there is none in the sense; and it was probably declaratory or effectuating of the constitutional provision of this state when it first appeared in the Code of 1886.

It was decided, in *Botnick's Case,* 150 Ala. 434, 43 South. 739, that there is a difference between cases where the property is taken and those where it is merely damaged. In cases where the property is taken, the measure of damages or compensation as to that part taken is the market value thereof, undiminished by any incidental benefit to other property of the owner accruing in consequence of the public improvement which resulted in the taking; but as to the damages, aside from those to the part taken, suffered by the owner of the property, the special benefits must necessarily be taken into consideration. If the owner's other property, adjacent to that taken, has been increased in value by reason of the public improvement, of course he suffered no damages as to such particular adjacent property in consequence of the improvement.

The test as to damages to property not taken, as distinguished from compensation for that taken is the difference between the market value before and that after the work is done. In fact, our statute (section 3872 of the Code) is construed so as to apply to compensation for the land taken, and not to damages for injury to that not taken.

The contentions of appellant in the court below and here, are that the measure of damages, and the elements thereof, were different in this action of covenant from those in proceedings to condemn, or from those in an action of case by the owner against the party taking or injuring the land. That is, that the measure of damages was not merely the difference between the market value of the property just before and that just after the construction of the railroad in the street in front of the property, caused by the construction or operation of the railroad, as announced in Botnick's Case and others cited above, but that it also included damages as for loss of rents; and that as to the difference in value of the property the question should be limited to the value of the property for the use only to which the plaintiff had devoted the property, to-wit, for tenement houses, which were rented to negroes in this particular case. That, although the construction and operation of the railroad may have enhanced the general value of the property, this enhanced value could not be considered, unless it also enhanced the value as for this use to which the property was devoted, viz., for tenement houses.

The appellant also contends that the damages in this case, unlike those in condemnation proceedings, did not accrue once for all, to be determined by the difference in value just before and after the property was subjected to the public use, but that the damages were continuing, and covered subsequent losses which might accrue in the future, to be limited only by the purchase price paid for the land.

The damages in this case, of course, are limited by the amount of the purchase price of the land and the interest thereon, which is not the case in condemnation proceedings by a railroad company, nor in an ac-

tion of case by the owner for the wrongful taking of or injury to his property; but in all other respects the measure and elements of damages are the same.

Most all of appellant's assignments of error, sixty-odd in number, are based upon one or the other of these contentions. We cannot agree with appellant in the correctness of any one of these contentions, but hold (with the trial court) that the measure and elements of damages are as we have before declared in the *Botnick Case,* 150 Ala. 429, 43 South. 739.

While evidence that the rental value of this property for tenement houses decreased on account of the building and operation of the railroad in the street was admissible as tending to show the market value of the property before and after the construction—which was the question of contention—such evidence was not admissible to show that the difference in the rental value, for this purpose, was an element of recoverable damages. It is very probable that the construction of the railroad may have resulted in decreasing the rental value of the property for this particular use, and yet have enhanced the market value of the property. In fact, this is exactly what all the evidence introduced and that offered by plaintiff tended to show. If this be true, and all the evidence showed it beyond dispute, the plaintiff was entitled to recover nothing but nominal damages; and the trial court gave the affirmative charge for the plaintiff as to nominal damages, but left it for the jury to say, from the evidence, if plaintiff was entitled to recover anything more than nominal damages. The jury correctly found that plaintiff was entitled to nothing more than nominal damages.

The trial court should have given the charge, requested by the defendant, that, if the jury believed the evi-

[Tuskegee Land & Security Co. v. Birmingham Realty Co.]

dence, they could not find for the plaintiff for anything more than nominal damages. This being true, there could be no possible injury in refusing any of the charges requested by plaintiff, or in giving those given for the defendant.

This is true, because all the evidence—that introduced, and that offered by the plaintiff and the defendant—showed beyond controversy that the market value of the property in question was increased by reason of the construction and operation of the railroad in the street. While the evidence introduced by plaintiff, as well as that offered, showed or tended to show that the rental value of the property for the purpose of tenement houses was decreased by the construction or operation of the railroad, all who testified as to this stated that it was increased. The market value, general, being the basis, and not the rental value for tenement houses only, it follows that plaintiff should have recovered only for nominal damages. As none of the evidence offered by plaintiff and excluded by the court, and none of that admitted for the defendant, over plaintiff's objection, showed or tended to show anything different, it follows that no injury could have resulted to plaintiff in the admission or rejection of evidence.

The verdict being correctly rendered for nominal damages only, the trial court properly set it aside and dismissed the suit.—Code, § 5355.

This is not a case in which plaintiff would be entitled to recover full costs, though he recovered only nominal damages; and if the verdict and original judgment had been for the defendant, intsead of for the plaintiff, it would have been error without injury.—*Blackburn v. A. G. S. R. R. Co.,* 143 Ala. 346, 39 South. 345, 5 Ann. Cas. 223.

We do not say that any errors were committed by the trial court, but that, if any were, they could not have resulted in legal injury to plaintiff. The only verdict and judgment being rendered that could have been rendered, the judgment appealed from is accordingly affirmed.

Affirmed.

NOTE.—The above opinion was prepared by Mr. Justice MAYFIELD, of the Supreme Court, before the transfer of the case to this court, and is adopted by this court.