# McQueen *v.* The State.

## Trespass and Larceny.

(Decided May 21, 1914. 65 South. 310.)

1. *Trespass; Offense; Crops; Indictment.*—Under section 7833, Code 1907, as amended by Acts 1911, p. 625, an indictment charging that defendant did sever and carry away from the freehold of L. property and things thereto attached, to-wit: peaches to the amount or quantity of four bushels, under such circumstances as would render the severance in carrying away a larceny, the peaches so severed and carried away being personal property of the value of $4, and the personal property of L., in effect charged that defendant feloniously severed from the freehold, took, and carried away such peaches and converted them to his own use, and by necessary implication charged that in doing so he willfully committed a trespass on the premises mentioned.

2. *Same; Willful Trespass.*—The indictment in this case was fatally defective for failure to allege the value of the peaches so taken "to the owner before being detached from the freehold," as the statute is applicable only when the property taken is of less value than $5 to the owner before being so detached.

3. *Larceny; Subjects.*—Sections 7324 and 7325, Code 1907, have no application to the taking and carrying away of growing crops,

where the taking and carrying away was accomplished by one continuous act so that it would not constitute larceny at common law.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

George McQueen was convicted of trespass to realty and he appeals. Reversed and remanded.

Omitting formal parts, the indictment is as follows:

Count 1: George McQueen did sever and carry away from the freehold of Vernon Lamar property or things thereto attached, to wit, peaches to the amount or quantity of four bushels, under such circumstances as would render the severance and carrying away of such peaches a larceny; said peaches so severed and carried away being personal property of the value of $4, and the personal property of Vernon Lamar.

Count 2: George McQueen, under such circumstances as would render the trespass a larceny if the thing severed and carried away were personal property, did sever and carry away from the freehold of Vernon Lamar produce thereof, to wit, peaches to the amount of four bushels, and of the value of $4.

The demurrer to each count of the indictment was as follows:

It does not aver a severance from the freehold previous to the taking. It does not aver that the property taken was personal property. It charges no offense known to the law. It fails to definitely describe the property alleged to have been stolen. It fails to allege removal of the property. It fails to charge that the alleged severance and carrying away was willful. It fails to allege that the severance and carrying away was felonious. It fails to aver the value of the property to the owner before being detached from the freehold.

EUGENE BALLARD, and P. E. ALEXANDER, for appellant. The demurrer to the indictment should have been sustained.—Section 7833, Code 1907, as amended Acts 1911, p. 625; *Johnson v. State,* 61 Ala. 9; *McCord v. State,* 79 Ala.269.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

THOMAS, J.—The indictment and demurrers thereto will be set out in the report of the case. The court sustained the demurrers as to the first count, and overruled them as to the second, its action in doing which is the only question presented for review.

The act (see Gen. Acts 1911, p. 625) amending section 7833 of the Code, and creating the offense sought to be charged, thus provides:

"Any person who willfully commits any trespass on the lands of another, * * * by severing and carrying away from the freehold any produce thereof or any property or thing thereto attached the value of which was less than $5.00 to the owner before being detached from such freehold, under such circumstances as would render the trespass a larceny if the thing severed and carried away were personal property, must, on conviction, be fined not more than $200.00," etc.

Paraphrasing the second count of the indictment, it charges that the defendant "did sever and carry away from the freehold of Vernon Lamar produce thereof, consisting of four bushels of peaches, of the value of $4, under such circumstances as would render the trespass a larceny if the thing [peaches] so severed and carried away had been personal property."

While the language of the indictment would have been more apt if it had charged in the verbiage of the

statute that the defendant "did willfully commit a tres-
pass upon the lands of Vernon Lamar by severing and
carrying away produce thereof, consisting of four
bushels of peaches," etc., yet, in charging a statutory
offense, it is not necessary to pursue the literal words
of the statute, if others of equivalent import are used.
—*Ben v. State,* 22 Ala. 9, 58 Am. Dec. 234; *Ward v.
State,* 22 Ala. 16. At common law, things attached to
the freehold were not the subject of larceny until by
severance therefrom they became personal property,
and even then they were not unless the severance had
been accomplished prior to the asportation. If they
were severed and carried away at the same time, there
was no offense—only a civil trespass upon the premises
of the owner—however felonious the intent of the
taker.—*Holly v. State,* 54 Ala.. 238. To remedy in
part this defect of the common law, and to protect the
owners of such property in its unsevered state, the stat-
ute here under consideration was enacted and in effect
declares it to be an offense for any person to feloniously
sever, take, and carry away from the freehold any prop-
erty thereto attached with intent to convert it to his
own use.—*Johnson v. State,* 61 Ala. 9. The difference
in nature between common-law larceny and the offense
created by the statute is that the former is a criminal
trespass as to personal property and the latter a crim-
inal trespass as to real property. Consequently, when
the indictment here alleged, as it did do, following the
verbiage of the statute in this particular, that the sever-
ance and carrying away of the peaches by the defend-
ant was under such circumstances as would have con-
stituted his act larceny if the peaches had been per-
sonal property, it in effect alleged that the defendant
feloniously severed from the freehold, took, and car-
ried away such peaches with the intent to convert them

[McQueen v. The State.]

to his own use, and, by necessary inplication, it alleged that in so doing be willfully committed a trespass upon the premises mentioned in the indictment, for he could not in the nature of things, have feloniously severed and taken the peaches without committing a willful trespass upon the premises to which they were attached.

We are of opinion that the indictment meets every criticism of the demurrer, except one. While it alleges the value of the peaches, it fails to allege that this value was their value "to the owner before being detached from the freehold." For aught appearing to the contrary, the value alleged was their value after severance. Whether in all cases it is the same or more or less, we do not judicially know; but, for the defendant's act in taking the peaches to fall within the punitive provisions of the statute, their value *must be less than $5.00 to the owner before being detached from the freehold.*—Gen. Acts 1911, p. 625.

We confess our inability to understand the legislative purpose in this provision; but so the law is plainly written. Evidently the author assumed that the larceny statutes covered the offense if the value of the property exceeded $5. We do not so find.—Code, §§ 7324. 7325.

For the error of the court in overruling the demurrer, the judgment is reversed.

Reversed and remanded.