# Smith *v.* Town of New Decatur.

*Bill to Enjoin Change of Grade of Street, and for Damages.*

(Decided June 30, 1909.   Rehearing denied Feb. 26, 1910.
51 South. 984 )

1. *Municipal Corporations; Street Improvements; Burden of Proof.*
—One suing a city for damages due to the grading and paving of a street has the burden of showing damages and the amount thereof.

2. *Same; Measure of Recovery.*—The measure of recovery in an action for damages to property caused by grading and paving a street is the difference in the market value in the property before and after the improvement.

3. *Same; Evidence.*—The evidence in this case examined and held to show that the damages sustained by the paving and grading of the street were less than the benefits accruing to the property upon such improvement, and hence, there could be no recovery.

APPEAL from Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

[Smith v. Town of New Decatur.]

Bill by Mrs. W. R. Smith against the town of New Decatur to enjoin said town from changing the grade of a street and paving same, and for damages resulting therefrom. Decree for respondent and complainant appeals. Affirmed.

E. W. GODBEY, for appellant. General benefits resulting from improvements must be excluded.—*City of Omaha v. Schaller*, 42 N. W. 721; *Widman I. Co. v. St. Joseph*, 90 S. W. 763; *Bir. etc. Co. v. Oden*, 146 Ala. 495.

BROWN & KYLE, for appellee. Counsel insist that the evidence shows that the benefits derived were greater than the damages sustained, and that the rule of measurement is the difference in the market value of the property before and after the improvement; and, therefore, there can be no recovery in this case.—46 Cal. 85; 166 Ill. 375; 138 N. Y. 357; *Town of Eutaw v. Botnick*, 150 Ala. 429.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellee to enjoin appellee from changing the grade of Second avenue and paving the same until reasonable compensation for damages resulting therefrom should be paid. A temporary injunction was granted, which was afterwards dissolved upon the deposit of an amount of money sufficient to cover the probable damage that might be shown to have been suffered. In the meantime the work has been done on the street, and the only question to be determined is whether the improvement of said street has resulted in damage to the complainant, and, if so, how much.

The burden is on the complainant to show damage, and the amount thereof. It is useless to go through

the numerous cases cited by counsel for appellant, as this court has carefully considered the matter in a recent case, and announced the simple rule (according to the best considered authorities in cases like this) to be "whether or not, taking all things into consideration, the property has deteriorated in value as the result of the work done, or has increased in value. \* \* \* In other words, the test is the difference between the market value before and after the work done."—*Town of Eutaw v. Botnick,* 150 Ala. 429, 43 South. 739, 741.

A number of witnesses were examined, before the work was done, as to the probable effects of the work, and, of course, their testimony was more or less speculative. A number of other witnesses were examined, since the work has been completed, and they have testified as to the actual effect. The complainant's property is situated on the east side of Second avenue, near the foot of an elevation which has its highest point about two squares south of complainant's property, and said property is bounded on the north by Holly street. As might naturally be expected, the rush of water down this incline has always given trouble, even before this improvement of the street was undertaken. The avenue was paved with vitrified brick, and we do not attach any importance to the testimony as to whether the brickwork was perfect or not, as, if there are defects, they will be remedied from time to time.

The evidence indicates that the complainant has a better sidewalk in front of her premises than she had before, and that the water is carried away more satisfactorily than it was before; and, while it is true that the curbing is a little higher above the sidewalk than it was before, yet, from a careful examination of all the evidence, we think that the chancellor was correct in his "conclusion that, if the complainant is damaged

[Bender v. Barton.]

at all, it is slight, and more than counterbalanced by the benefits accruing to her as the net result of the improvement."

The decree of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.

(Decided Feb. 3, 1910. Rehearing denied Feb. 26, 1910. 52 South. 26.)