# City of Birmingham, *et al. v.* Kennedy.

### *Injury to Realty by Enlarging Street.*

(Decided November 19, 1913. Rehearing denied December 9, 1913. 63 South. 770.)

1. *Eminent Domain; Enlargement of Street; Allowance for Benefit.*—Where it is alleged that property has been damaged by the construction and enlargement of a public highway upon which the property abuts, the special benefits accruing to the property from the work may be set off and considered against the damages.

2. *Same; Evidence.*—In an action for damages to abutting property from the construction and enlargement of a public highway, evidence relative to the cost of such improvement was not admissible where there was no proof that any assessment had been made or attempted to be made against plaintiff's property for the cost of such improvement.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by H. Kennedy against the city of Birmingham, and others, for damages to realty by the construction and enlargement of a highway. Judgment for

plaintiff, and defendant appeals. Reversed and remanded.

The assignments of errors give a fair statement of the questions raised:

"(1) In refusing the following charge: 'I charge you, gentlemen of the jury, that the use of the paved street on which plaintiff's property abuts is not to be considered by you in determining whether plaintiff's property has been damaged.'

"(2) Even though you believe the garden has been overflowed, yet if, notwithstanding the overflow, the property has increased in value as the proximate result of the work complained of, plaintiff cannot recover.

"(3) Even though you believe the fence was pushed over, and the gate was closed, yet if, notwithstanding the same, the property has increased in value as the proximate result of the work complained of, the plaintiff cannot recover.

"(4) The burden of proof is on plaintiff to reasonably satisfy you that the property is decreased in value as the net result of the work done.

"(5) The plaintiff seeks to recover for the injury or damages resulting to his abutting property by reason of the construction or enlargement of Ensley avenue, and I charge you, gentlemen of the jury, as a matter of law that if by reason of the change of grade and the construction of the roadway along Ensley avenue, as the net result of that work, the property has been increased in value, and not deteriorated in value, then plaintiff has not suffered any damages.

"(6) I charge you as a matter of law that plaintiff cannot be compelled to pay any part of the street improvement unless the market value of his property has been increased by reason of the construction of the street; and, if you believe from the evidence that the

[City of Birmingham, et al. v. Kennedy.]

property has been increased in value by reason of the work complained of, your verdict must be for defendant.

"(7) The simple question in this case is whether or not, taking all things in consideration, the property has deteriorated in value, as the result of the work done on Ensley avenue, or has it increased in value. If it has increased in value, the owner has not been damaged, and your verdict should be for the defendant.

"(8) In determining whether or not there are any damages, you are not to consider the partial effect of the work done immediately in front of the plaintiff's property, but you are to consider the whole effect of the construction of Ensley avenue, and, if as a net result of such work the property is increased in value and not decreased, then plaintiff cannot recover in this action.

"(9) Plaintiff's damage, if any, is the net proximate result of defendant's work in the construction or enlargement of Ensley avenue, viewed in connection with the entire work done thereon, of which the work in front of plaintiff's property is an incident.

"(10) In ascertaining whether the property of plaintiff has been damaged, the special benefits, if any, which accrued to plaintiff by reason of the construction of Ensley avenue must necessarily be taken into consideration.

"(11) If you believe from the evidence that plaintiff's property has been improved more than it has been damaged by the defendant's work complained of, when considered in connection with the whole improvement of Ensley avenue, you should find for defendant.

"(12) In sustaining objection to the following question propounded by defendant to witness Stewart: 'When you stated a while ago after the work was done your opinion was the market value was $800, tell the jury whether or not that was taking into consideration

or leaving out of consideration the cost of the assessment or street improvement.'

"(13) Sustaining objection to the following question to the witness Ohl: 'Explain to the jury the general scope of the improvements that were undertaken, the improvements of the entire length of the avenue, beginning at plaintiff's property and going in the direction of Ensley.'

"(14) Oral charge of the court as follows: 'Now, gentlemen, the defendant in a case of this character (suit by a plaintiff against a municipality for the construction of a highway within the city limits and immediately adjacent and in front of the plaintiff's property), the plaintiff's property abutting on this highway, the defendant in this case cannot claim any advantage by reason of the construction of the highway increasing the value of the property generally in that neighborhood and along the avenue. By way of illustration: If it was some individual or some corporation that was doing public work of benefit to the people immediately surrounding, why in that event the defendant, if it was other than a municipal corporation, might claim advantage in that respect; that the mere construction of the improvement benefited his property rather than depreciated it; and therefore plaintiff cannot claim any advantage therefor. However, the rule is different as to a municipal corporation doing a public work within the bounds of the city, and where the property of the party complaining abuts immediately upon the highway. And that is upon the idea, gentlemen, that the use of an improved avenue of that sort is a general benefit enjoyed in connection with the general public and not to be taken in consideration in determining whether the property was improved or deteriorated.' "

[City of Birmingham, et al. v. Kennedy.]

M. M. ULLMAN, and ROMAINE BOYD, for appellant. The measure of damages is the difference between the market value of the property immediately before and immediately after the construction of the highway or change of the grading.—*Avondale v. McFarland,* 101 Ala. 381; Sec. 235, Const. 1901. When there is an act of taking land for public use, any special benefit on account of the improvement cannot be considered in determining the compensation which shall be paid the owner, but where there is no actual taking, and the injury is the result of the establishment of a street or the change of a grade in a street upon which the property abuts, then the benefits derived from the improvement should be taken into consideration in determining whether plaintiff has suffered any damages.—*Town of Eutaw v. Botnick,* 150 Ala. 429; *Meighan v. Bir. Term. Co.,* 51 South. 775; *Braggan v. B. R. L. & P. Co.,* 163 Ala. 93; *Smith v. New Decatur,* 51 South. 984. On these authorities the court was in error in refusing the charges requested, and in its rulings on the evidence.

FRED G. MOORE, for appellee. Appellant's brief fails to comply with rule 10, Sup. Ct. Pr., and does not present any matter for review.—*N. Ala. T. Co. v. Taylor,* 57 South. 146; *Thomas Fraser L. Co. v. Hinson,* 58 South. 812. Even if this were an action to enforce collection of assessment for street improvements, there would be nothing at issue, but the question as to whether or not the property was increased in value by reason of the special benefits derived from such improvement.—Sec. 223, Constitution 1901; *Duke v. City of Anniston,* 60 South. 447. Certainly, in an action for damages, the court would be unauthorized to go beyond the limit set by the constitution, and consider additional benefits.—*Town of Eutaw v. Botnick,* 150 Ala.

429; 29 Atl. 1104; 60 N. W. 591; 50 N. W. 760. The court was not in error in its ruling on the charges or the evidence.—*Duke v. City of Anniston, supra;* 198 U. S. 317; *Bir. W. W. Co. v. Martini,* 2 Ala. App. 652.

WALKER, P. J.—This was an action to recover damages for the alleged injury to a lot of the plaintiff (appellee here) resulting from the construction and enlargement of a public highway upon which the lot abutted. By instructions embodied in the oral charge to the jury, which were duly excepted to, and by the refusal to give written charges requested by the defendant, the court denied the right of the jury, in considering the question of the plaintiff's lot having been damaged by the work done on the highway upon which it abutted, to consider the benefit to the lot resulting from that work, done at the instance of the defendant municipality. It may be inferred, especially from expressions used by the court in the part of its oral charge to which an exception was reserved, that the rulings of the court in this connection were induced by its misapprehension of the import of a ruling made in the case of *Town of Eutaw v. Botnick,* 150 Ala. 429, 435, 436, 43 South. 739, in holding that certain testimony as to the improvement of a sidewalk in front of the property there in question was properly excluded. We think it is apparent from what was said in the opinion rendered in that case in reference to the excluded evidence that the court did not regard it as having any tendency to prove that the building of the sidewalk referred to had affected the value of the property in question. Indeed, its lack of such tendency was the ground upon which it was held to have been properly excluded. Evidently the court was of opinion that what was sought to be proved by the excluded testimony was, not the effect of the work done

upon the plaintiff's property contiguous to it, but that the sidewalk itself was improved and that the plaintiff himself had been benefited by having the use of a better sidewalk than was available to him before. The evidence was held to have been properly excluded because of the conclusion of the court that its admission would have diverted the attention of the jury from the consideration of the proper inquiry in the case, which was whether the property of the plaintiff had been improved or deteriorated by the work done upon the highway contiguous to it, to the consideration of the irrelevant inquiry as to whether the sidewalk itself had been improved, with the result of enabling the plaintiff personally to enjoy a benefit which was shared in by the general public. Evidently the court regarded the excluded testimony as having no tendency to prove that the property there in question was either benefited or harmed by the work done by the municipality as tending to prove only that the sidewalk adjoining the property, not the property itself, was improved, and that the plaintiff personally, not his property, was benefited by his having the opportunity of using the new sidewalk. Other parts of the opinion rendered in that case plainly negative the conclusion that it could have been the court's intention, in the ruling referred to, to assert that the defendant municipality in such a case may not prove that the property in question was benefited by the work done on the highway contiguous to it instead of having been damaged as claimed by the plaintiff. In the course of the opinion it was said: "It is difficult to see how it can be said that any damage has been suffered by reason of the change of grade and making of the sidewalk, if the net result of that work has been that the land has been improved and not deteriorated in value." And, after citing rulings in other jurisdictions to the effect

that, in ascertaining whether property not taken has been damaged, the special benefits must necessarily be taken into consideration, the conclusion of the court was thus expressed: "The general trend of the best authorities is that the simple question is whether or not, taking all things into consideration, the property has deteriorated in value, as the result of the work done, or has it increased in value? Of course if it has been increased in value, the owner has not been damaged. In other words, the test is the difference between the market value before and after the work done." This decision and others following and in line with it have settled the proposition in this state that, when a claim is made that property has been damaged as the result of work done on a highway upon which it abuts, the special benefits accruing to the property from such work must be considered and set off against the damages.—*Bragan v. Birmingham Railway, Light & Power Co.,* 163 Ala. 93, 51 South. 30; *Meighan v. Birmingham Terminal Co.,* 165 Ala. 591, 51 South. 775; *Smith v. Town of New Decatur,* 166 Ala. 334, 51 South. 984. Under these authorities it must be held that the court was in error in the rulings mentioned.

We are not of opinion that the court was in error in sustaining the objection to the question asked the witness Stewart, which is set out in the twelfth assignment of error. There was no evidence tending to prove that any assessment had been made or attempted to be made against the plaintiff's property for the whole or a part of the cost of the improvement of the highway upon which it abutted. We cannot conceive how the defendant could have been prejudiced by not being allowed to prove that a witness had considered or failed to consider a fact of the existence of which there was no evidence.

Reversed and remanded.