25 So.2d 382

SMITH v. ALBERT et al.

8 Div. 322.

Supreme Court of Alabama.

March 14, 1946.

Claud D. Scruggs, of Guntersville, for appellant.

Marion F. Lusk, of Guntersville, for appellees.

BROWN Justice.

F. B. Albert, then a resident of Marshall County residing at Guntersville, departed this life March 22, 1932, leaving surviving his widow and seven children, and at the time of his death, we assume, occupied as a homestead a house located on the corner of Thomas Avenue and Greenwood Street in the City of Guntersville in Block 12 of the Richardson Survey. This property during the course of administration of his estate was set apart to his widow and minor children as a homestead, exempt from the administration and the payment of debts during the life of the widow and the minority of the children. Prior to the filing of the original bill on November 5, 1943, the minor children reached and passed their majority. The original bill in which the widow joins as a party sought a sale of said parcel of land and the residence for division and distribution among the joint owners. In due course this bill was brought to a final decree ordering sale of the property. This appeal is by Inez Runyan Smith from the final decree of the court confirming the register's report and ordering distribution of the proceeds arising from sale of the property.

The appellant was formerly the wife of Charles Albert, one of the seven children, who died August 2, 1932, a few months after the death of his father. In her an-

swer, which she made a cross-bill, she alleged, inter alia: "That at the time of the death of the said Charles Albert, outside of the interest in this property, he left no other real estate and no homestead and his said widow, Inez Smith, has received no homestead or its equivalent out of any properties from the estate of Charles Albert nor from the estate of F. B. Albert; that the said Charles Albert, at the time of his death, had no homestead exempt to him from levy and sale under process and his widow has not obtained the benefit of exemption under Section 654 of Title 7 of the Code of Alabama of 1940 or under any other section of the Code of Alabama of 1923, * * *." In her cross-bill she seeks an allowance out of the remainder interest of her deceased husband in the property, the subject matter of the original bill, in lieu of homestead exemption under § 662, Tit. 7, Code 1940.

In their answer to the cross-bill filed March 31, 1944, complainants admitted the allegations thereof to be true. Testimony was taken to support the original bill and the cause being submitted on the pleadings and proof the court on October 6, 1944, entered a decree ordering the property sold for distribution. Thereafter, on November 21, 1944, complainant amended the answer to the cross-bill to the effect: "That the allegations of said bill are admitted except the allegation that the said Charles Albert, deceased, owned no other real estate at the time of his death." The property was sold by the register and $5,800 realized therefor. The sale was reported and confirmed by the court in decree of date December 6, 1944, ordering a reference to be held by the register to ascertain attorneys' fees and further legal charges against the fund and "(5) the proper distribution of the sum so remaining among the persons entitled hereto, having regard to the election of the complainant Effie M. Albert to receive the present cash value of her life interest in said net proceeds; * * *."

As a part of the testimony submitted to the register on the reference, it was stipulated that "in the said decree of this Court on Jan. 30, 1937, no. 2534, it was provided and decreed 'that Inez Runyan Smith, widow of Charles Albert, she having married Woodrow Smith after the death of Charles' Albert, be entitled to a dower interest in the real estate of the said Charles Albert from his father of $74.16, and being entitled to all the personal property derived from the estate of said F. B. Albert, in the sum of $194.95, making a sum of $268.-71, * * *.'"

"It is further stipulated that in the said estate of F. B. Albert, deceased, that Inez Runyan Smith did not make any claim out of said property for any homestead to be set aside for her, that the funds that she received were for other lands and a homestead was not involved in that or provided thereto. Inez Runyan Smith did receive and receipt for said sum as awarded her."

In his report as to distribution of the funds so far as her share was concerned, the register observed: "Mrs. Effie Albert, life tenant, is 64 years of age and has an expectancy of 11.7 years according to American Experience Table; a 6% annuity of $303.94 for that many years is worth today $2398.09, to which should be added from Mrs. Haggard's share $37.50 for 1½ months rent at $25 per month, and from which is to be deducted $39.00 for 1944 State, County and City Taxes, leaving Mrs. Effie Albert's net share $2396.59. B. Mrs. Inez Runyan Smith's claim for a vested homestead in the interest of her deceased husband Charles Albert (one of the seven children of F. B. Albert, deceased) has been disallowed because I find from the evidence that Charles Albert never used this property as his homestead, that at the time of his death he did own other real estate in this State and that he was not insolvent."

Exceptions were filed by the appellant to the quoted paragraphs of said report and to paragraph "E" which listed sums for distribution, and to whom due, appellant not being included. Testimony was not noted in support of exceptions to conclusions of fact as required by Equity Rule 87, Code 1940, Tit. 7, p. 1112.

Section 662, Code 1940, Tit. 7, so far as here pertinent provides: " * * * and if such decedent at the time of his death has no homestead exempt to him from levy and sale under process, and has no other real estate out of which an exempt homestead can be carved, the widow and minor children, or either of them, may, by petition in the probate court or by bill in equity, have the homestead or any other real estate owned by the decedent at the time of his death sold, and two thousand dollars of the purchase money therefor applied by the court in the purchase of a homestead for the benefit of such widow and minor children, or either of them; provided such petition or bill in equity is filed before a final distribution of the assets of decedent's

estate has been made; and if decedent's estate is insolvent, the title of such homestead so purchased shall vest absolutely in said widow and minor children, or either of them, and be held and governed as in section 661 of this title. * * * "

The essential facts conferring upon the court jurisdiction to allow exemption in lieu of homestead under this statute are that the decedent [Charles Albert] at the time of his death "has no homestead exempt to him from levy and sale under process, and has no other real estate out of which an exempt homestead can be carved." This is recognized by the pleader in drawing the cross-bill.

 The conclusion of the register on the issue of fact, "that Charles Albert never used this property as his homestead, that at the time of his death he did own other real estate in this State and that he was not insolvent," has the force and effect of a verdict of a jury, and is not subject to be overturned on exceptions unless contrary to the great weight of the evidence. O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502; Pollard et al. v. American Freehold Land Mortgage Co., 139 Ala. 183, 35 So. 767.

Testimony not being noted to support the exceptions to the register's report as required by Rule 87, supra, the trial court was not bound to review the evidence to ascertain whether or not the conclusion was erroneous. Cone v. Barganier, 218 Ala. 292, 118 So. 342; McCollum v. McCollum, 218 Ala. 500, 119 So. 232; Ex parte Cairns, 209 Ala. 358, 96 So. 246.

Therefore, we cannot affirm that the court erred in overruling the exception to the register's conclusion of fact. The register's finding concludes against the right of appellant to participate in the distribution of the proceeds arising from the sale of the property.

"With only a few exceptions, it has been held that a claim of homestead may not attach to either vested or contingent future estates or interests in land. Since land held in remainder is not susceptible of that immediate occupancy which is contemplated by law in order to support a claim of homestead, such a claim may not be successfully asserted by the remainderman. The rule applies where the remainderman occupies the premises during the life of the life tenant by the latter's permission." 26 Am. Jur. § 61, p. 38; 89 A.L.R. p. 523, 4th paragraph and cases cited.

We are of opinion, however, that the basis of these holdings that vested remainder not susceptible of immediate occupancy as a homestead, is not applicable to an allowance out of the proceeds of other property owned by a decedent at the time of his death in lieu of homestead. The statute does not contemplate occupancy of the "other property," but contemplates a sale for investment in other property, or an allowance in lieu of homestead. Code 1940, Tit. 7, § 662. Appellant assumes the burden of showing that her deceased husband at the time of his death had no other real estate out of which an exemption for homestead could be carved. That is one of the jurisdictional facts essential to an allowance of exemption in lieu of homestead.

It appearing that the appellant had no interest in the proceeds of the sale in the instant case, she was not in position to question the amount of the allowance to the widow of F. B. Albert, deceased, from the proceeds of sale of the property.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.