48 So.2d 420

**FRICKE v. CITY OF GUNTERSVILLE.**

**8 Div. 550.**

Supreme Court of Alabama.

Oct. 26, 1950.

Marion F. Lusk, of Guntersville, for appellant.

Starnes & Starnes, of Guntersville, for appellee.

LAWSON, Justice.

This appeal involves a review of a decree of the circuit court of Marshall County, in equity, overruling exceptions to a report of the register made on reference and confirming the report.

In 1946 the City of Guntersville dug a drainage ditch along the eastern boundary of three lots owned by appellant in Block 41, according to the Richardson survey of the town of Guntersville. This ditch was a part of a drainage project constructed under the provisions of § 601, Title 37, Code 1940. The ditch was dug for the purpose of preventing surface waters which flowed across appellant's property in a southeasterly direction from reaching business property located to the east of appellant's property. The ditch was dug in an alley which bounded appellant's property on the east, separating it from the aforementioned business property.

After the ditch was dug appellant's guardian, his mother, made complaint to the City authorities. The City installed tile and covered most of the ditch which was adjacent to two of the lots, but left uncovered all of the ditch which bounded lot number 5, the southernmost of the three lots, upon which the residence was situated. This uncovered ditch is three feet wide and three feet deep. Prior to the digging of the ditch the surface of lot number 5 and the alley were level. There is no driveway into lot number 5 from Obrig Avenue, on which the lot faces, and none can be constructed because of the width of the residence. The lot is only fifty feet wide.

The ditch was left open by the City authorities upon advice of competent engineers.

Upon complaint being made, the City authorities offered to construct a bridge or driveway so that appellant could have a means of ingress and egress to lot number 5 from the alley.

Appellant's guardian did not call upon the City to construct such a driveway. Instead, appellant, suing by his said guardian, filed his bill in the circuit court of Marshall County, in equity, seeking to require the City of Guntersville to fill or cover the drainage ditch and also prayed for general relief. The trial court rendered a decree refusing to require the City to fill or cover the ditch, but incorporated in the final decree the following provisions:

"However, the Court having obtained jurisdiction of the parties, in order that Equity may be done, is of the opinion that the Complainant is entitled to such damages as he may have sustained by the reason of the digging of this ditch in the manner set forth in the original Bill, and that the amount of said damages should be ascertained by competent proof.

"It is, therefore, Ordered, Adjudged, and Decreed by the Court that this cause be referred to the Register of the Circuit Court and that the Register hold a reference to ascertain the damage to Complainant's property by reason of the acts complained of in the original Bill, and report back to the Court his findings in the premises.

"Until the coming in of said report said cause is retained for such further orders as may be required.

"This 27th day of January, 1948."

Prior to the holding of a reference the complainant appealed to this court from the decree refusing to require the City to cover or fill in the ditch. We affirmed. Fricke v. City of Guntersville, 251 Ala. 63, 36 So.2d 321. The writer of this opinion wrote the opinion for the court on first appeal and made certain mistakes as to description which are herein corrected, though such mistakes did not affect the conclusion reached, nor do they have any bearing on the questions presented on this appeal. In the second paragraph of the opinion on the first appeal it is stated that Block 41 is bounded on the west by Dunlap Avenue. That is incorrect. Dunlap Avenue bounds the said block on the east. The word "northeastern" where it appears in the first sentence of the fourth paragraph of the opinion should have read "northwestern."

A municipal corporation is liable for damages to a property owner whose property is injured as a result of the construction of such a drainage project. § 601, Title 37, Code 1940; § 235, Constitution 1901. The burden is on the property owner to show damage and the amount thereof. Smith v. Town of New Decatur, 166 Ala. 334, 51 So. 984. The measure of recovery is the difference in the market value of the property before and after the work done. Town of Eutaw v. Botnick, 150 Ala. 429, 43 So. 739; Smith v. Town of New Decatur, supra.

After affirmance by this court, a reference was held in accordance with the provisions of the decree of January 27, 1948, heretofore set out.

A number of witnesses were examined orally before the register. The register reported that the complainant was not entitled to any damages. Complainant filed exceptions to the report. The trial court overruled the exceptions and rendered decree confirming the report of the register. It is from that decree that the present appeal is taken.

We cannot agree with the insistence of counsel for appellant that the trial court in the decree of January 27, 1948, found that complainant was entitled to damages and that the reference was ordered for the sole purpose of ascertaining the extent of such damage. It is clear that the trial court did not place such a construction on that decree and we do not think it is subject to such construction. In .fact, no evidence was taken prior to the rendition of that decree bearing on the question of damages.

Complainant examined six witnesses before the register, all of whom were shown to have been familiar with the property, that is, lot 5, prior to and after the ditch was dug. They testified that the lot was worth from $500 to $1,000 less after the ditch was dug than before because of loss of access from the alley, it being impossible to build an adequate driveway into the property from Obrig Avenue, on which the lot faced.

Three witnesses were called by the respondent, City of Guntersville. Two of them were property owners on the east side of Block 41, where they conducted businesses. Both of them testified that the digging of the ditch had been very beneficial to their property. One of them, Mr. McCain, gave no expression as to the effect of the open ditch on the value of complainant's lot number 5. He was not called upon to express an opinion. The other property owner in Block 41, Mr. Johnson, was not asked on direct as to his opinion of the effect of the ditch on the value of complainant's lot. His testimony on direct was merely to the effect that the drainage project had been beneficial to his property. On cross-examination his testimony is to the effect that the open ditch has damaged complainant's lot, but he expressed no opinion as to the amount of

damage. It was stipulated that if Mrs. Eulalah Parkhill had been present, she would have testified for the City "substantially the same as Harvey D. Johnson and that she is a property owner on the East side of the Alley."

The only other witness called by the City was Mr. W. D. Newman, who had been President of the City Commission at the time the drainage project was constructed. In the main, his testimony goes to the benefits enjoyed by the business district from the construction and maintenance of the open ditch. However, he does make the statement that in his opinion the ditch has been an improvement to complainant's lot. But the probative value of this statement is materially weakened by this witness' retraction of his former testimony that the ditch drained surface water that had theretofore stood on complainant's lot.

 . It is well settled in this state that on an appeal from a decree confirming the report of the register on evidence given ore tenus before him, all reasonable presumptions will be indulged in favor of the register's decision upon questions of fact, and this court will not reverse a decree confirming said report unless clearly satisfied that the register's findings are palpably and plainly wrong. In such case, the register's decision upon the facts has the force and effect of a verdict of the jury, and a decree confirming it will not be reversed, unless the facts would require the trial court to grant a motion to set aside the verdict of the jury and to have a new trial. Pollard v. American Freehold Land Mortgage Co., 139 Ala. 183, 35 So. 767; Chancellor v. Teel et al., 141 Ala. 634, 37 So. 665; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Smith v. Albert, 247 Ala. 520, 25 So.2d 382; Campbell v. Campbell, 252 Ala. 487, 41 So. 2d 185.

But this presumption is not controlling here for the reason that our construction of the register's report is that his finding that appellant is not entitled to damages was based on his judgment of the law and not on his finding of the facts. Hale et al. v. Cox et al., 240 Ala. 622, 200 So. 772; O'Rear v. O'Rear, 227 Ala. 403, 150 So. 502.

But even if the register's report had been based on his findings from the evidence, we would be constrained to reverse the decree of the trial court for the reason that under the evidence given before the register, we are clearly satisfied that his finding that appellant is not entitled to any damage is clearly wrong.

The trial court erred in overruling appellant's exceptions to the register's report and in confirming the report. The decree is reversed and the cause remanded for further proceedings.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, SIMPSON and STAKELY, JJ., concur.