60 So.2d 387

### WILLINGHAM v. LANKFORD.

8 Div. 636.

Supreme Court of Alabama.

Aug. 27, 1952.

Marion F. Lusk and Scruggs & Scruggs, Guntersville, for appellant.

Starnes & Starnes, Guntersville, for appellee.

FOSTER, Justice.

Relief was denied appellant on her bill filed December 17, 1949, to foreclose a mortgage on a house and lot, given to secure payment of two notes each for $1,-183 with interest from date at six percent.

The answer, in paragraph 1, pleads non est factum and is verified. In the second paragraph it alleges that complainant is not the real party in interest in this suit, but that her husband, I. J. Willingham, is the real party in interest. It then sets up the fact that I. J. Willingham sold her a lot and agreed to build a house on it for $3,000, the house to be constructed as alleged in the answer. "She avers that she paid the complainant the sum of $1800.00 and executed a mortgage for $1200.00 to be paid in two installments of $600.00 each. She avers that the complainant breached the contract in that he (sic) failed to build" certain named features of the house and to furnish certain parts as agreed. "That she has called to the attention of the complainant the breaches of the contract referred to." She "further avers that I. J. Willingham informed her he wanted to place a mortgage and notes in his wife's name to keep down trouble with his creditors", and that "he was the real owner of the lot sold to her and that payments should be made to him and not to his wife." She "alleges that she is ready, able and willing to pay to the complainant the amount agreed upon when and if" certain named features are completed. There was no other pleading in the case.

The evidence was taken orally before the register and not before the trial judge.

The judge entered a final degree. In stating the issues, among other features, he observed that the respondent contends that fraud and deceit were practiced on her in procuring the execution of the notes and mortgage, and that she did not knowingly execute the notes and mortgage sued upon, although she admitted her signature to them, and that she further sets up that the husband of complainant is the real party in interest having entered into a certain agreement with respondent to build a house for her for a total consideration of $3,000. The decree then observed that "the court is unable to ascertain the interest of complainant in the proceedings of the notes and mortgage regardless of the actual amount found to be due. It is clearly shown by the testimony on both sides that I. J. Willingham, the husband of com-

plainant, was the real party in interest and was the only one who supplied any of the work, labor or material that entered into the construction of this house. It is also clearly established that the lot on which the house was placed and which was conveyed to respondent by complainant and her husband and was actually the property of the husband, despite the fact that record title was in this complainant. From all of this, the court is of the opinion that there is a complete failure of consideration as far as this complainant is concerned for the notes executed by respondent and made exhibits to the original bill. The court is further of the opinion that it was the intention of the respondent to execute notes for the difference between the $3000.00 contract price and the $1800.00 already paid. Although this leaves no valuation for the lot, the record shows that the only witness who testified as to the value of the lot testified it was only of nominal value. It is, therefore, ordered, adjudged and decreed by the court that there is a complete failure of consideration for the notes sued upon and identified as exhibits A and B to the original bill, and that said indebtedness is null and void as to the respondent in this cause." The decree thereupon dismissed the bill, "but without prejudice as to any legal claim that said I. 'J. Willingham might have for work and labor performed for the benefit of respondent."

■ It will be noted that there was no issue made or decided as to fraud in procuring the execution of the notes and mortgage. Such contention must be specially pleaded. Stuart v. Holt, 198 Ala. 73, 73 So. 390; Decker v. State National Bank, 255 Ala. 373, 51 So.2d 538. It was therefore properly ignored by the trial court.

The answer also seemed to base a defense upon the contention that complainant was not the beneficial owner of the mortgage debt, what ever it may be, but that I. J. Willingham, the husband of complainant, was such owner, and the court concurred in that contention upon the theory that he furnished the consideration, and not the complainant, and therefore, as to her, there was no consideration.

■ The statute requiring the beneficial owner to sue in his own name, section 126, Title 7, Code, has no application to equity. Moore v. Pope, 97 Ala. 462, 11 So. 840; Chattanooga Savings Bank v. Crawford, 206 Ala. 530, 531, 91 So. 316; Huddleston v. Fuller, 229 Ala. 74, 155 So. 556.

■ In general, in a suit in equity to foreclose a mortgage "the only proper parties are the mortgagor and the mortgagee, and those who have acquired any interest from them subsequent to the mortgage." Hambrick v. Russell, 86 Ala. 199, 5 So. 298, 299; Bolling v. Pace, 99 Ala. 607, 12 So. 796; Mathison v. Barnes, 245 Ala. 289(4), 16 So.2d 717.

We do not understand the decree to hold that the husband of complainant is the one who should foreclose the mortgage or is a necessary party, but that the complainant cannot do so because there was no consideration emanating from her. This notwithstanding the averments of the answer expressing ability and willingness to pay to *complainant* the amount agreed upon when the contract shall be completed.

■ "The validity of the contract is not affected, because the consideration may not have moved from the party to whom the obligations of the contract are extended, and in whom the right of enforcement resides. It is not uncommon, that the consideration for a contract moves from one person, while its promises and obligations are made to another, and the validity of such contracts, when accepted by the party to whom the promise or obligation is made, cannot be questioned." Wimbish v. Montgomery Mutual Building & Loan Ass'n, 69 Ala. 575(4). That principle seems to be well established generally. Newton Savings Bank v. Howerton, 163 Iowa 677, 145 N.W. 292; Vaughan v. Screeton, 181 Ark. 511, 27 S.W.2d 789; 59 C.J.S., Mortgages, § 88, page 133. And is illustrated in what is termed contracts with a third party beneficiary. Wolosoff v. Gadsden Land & Building Corp., 245 Ala. 628, 18 So.2d 568.

The contention that I. J. Willingham furnished the consideration for his wife, by conveying the lot to her, in fraud of his creditors, and used his own money for her benefit in building the house for the same purpose, is not available to the respondent. The fact that thereby the transaction between him and his wife was fraudulent as against creditors, is no concern of this respondent, for the principle is well established that a "Fraudulent conveyance is valid as to all the world except creditors of grantor, notwithstanding statute declaring that such conveyances are void." First National Bank of Birmingham v. Love, 232 Ala. 327(6), 167 So. 703, 704; McCurdy v. Kenon, 178 Ala. 345, 59 So. 489.

The decree of the trial court is therefore erroneous in holding that because the consideration was furnished by I. J. Willingham, the husband of complainant, and the mortgage made to her, there was no consideration which would support her right to foreclose the mortgage. That seems to be the theory upon which the decree was rendered.

 There is a controversy between the parties as to whether or not the real consideration of the notes was as specified in them and in the mortgage or was for a different amount. The complainant contends that the notes and mortgage recite the real consideration. The respondent contends that the real consideration was $3,000 for the house and lot upon which she paid $1,800, leaving a balance of $1,200, and that each note should be in the sum of $600 together with interest thereon from date. That is a controversy which presents a question of fact for the court to determine.

The burden is on respondent to prove to the reasonable satisfaction of the court that by agreement and understanding, to which they both assented, the consideration was a different amount than that expressed in the notes and mortgage. That burden will not be satisfied by a finding from the proof simply that the respondent intended it to be a certain sum unless the complainant also, or her husband (I. J.

Willingham), had the same understanding.

It is necessary to reverse the decree and remand the cause to the trial court with direction to render a decree of foreclosure of the mortgage in favor of the complainant upon ascertaining what was the mortgage debt according to the agreement of the parties.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.