72 So.2d 411

**WILLINGHAM v. LANKFORD.**

8 Div. 681.

Supreme Court of Alabama.

March 25, 1954.

Marion F. Lusk and Scruggs & Scruggs, Guntersville, for appellant.

Starnes & Starnes, Guntersville, for appellee.

GOODWYN, Justice.

This is the second appeal in this case. The first appeal is reported as Willingham v. Lankford, 257 Ala. 595, 60 So.2d 387, 390, to which reference is hereby made. On the first appeal, the trial court's decree denying to appellant, complainant below, relief on her bill to foreclose a mortgage executed by appellee, respondent below, was reversed and the cause remanded to the trial court "with direction to render a decree of foreclosure of the mortgage in favor of the complainant upon ascertaining what was the mortgage debt according to the agreement of the parties." After remandment, and pursuant to agreement of the parties, the cause was submitted to the register on reference to ascertain the mortgage indebtedness, together with the interest thereon, and a reasonable fee to be allowed complainant's solicitors. It was agreed, and the order of reference so provided, that the submission on reference was to be "upon the testimony heretofore taken in this cause, with the right of the complainant to take additional testimony only as to what constitutes reasonable solicitors' fees for her solicitors". The testimony theretofore taken was taken orally before the register. There was no additional testimony.

The issue as to the amount of the mortgage indebtedness is thus stated in the opinion on first appeal, Willingham v. Lankford, 257 Ala. 595, at page 599, 60 So.2d 387, at pages 389–390, supra:

"There is a controversy between the parties as to whether or not the real consideration of the notes was as specified in them and in the mortgage or was for a different amount. The complainant contends that the notes and mortgage recite the real consideration. The respondent contends that the real consideration was $3,000 for the house and lot upon which she paid $1,800, leaving a balance of $1,200, and that each note should be in the sum of $600

together with interest thereon from date. *That is a controversy which presents a question of fact for the court to determine.* [Emphasis supplied.]

"The burden is on respondent to prove to the reasonable satisfaction of the court that by agreement and understanding, to which they both assented, the consideration was a different amount than that expressed in the notes and mortgage. That burden will not be satisfied by a finding from the proof simply that the respondent intended it to be a certain sum unless the complainant also, or her husband (I. J. Willingham), had the same understanding."

The register found the mortgage indebtedness to be $1,200, interest thereon to be $368.80, and a reasonable solicitors' fee to be $296.80. Exceptions to the register's report were filed by complainant. A decree was then rendered overruling the exceptions and confirming the report. This appeal is from that decree. The insistence is that respondent has not met the burden of proving that the consideration for the mortgage was different from that expressed in the notes and mortgage.

 It is obvious that the question presented for review is one of fact which the register, after hearing the witnesses testify and observing their demeanor on the stand, found against the contention of appellant. The rule of review in such cases, so well settled as to be axiomatic, is thus stated in Fricke v. City of Guntersville, 254 Ala. 370, 372, 48 So.2d 420, 422:

"It is well settled in this state that on an appeal from a decree confirming the report of the register on evidence given ore tenus before him, all reasonable presumptions will be indulged in favor of the register's decision upon questions of fact, and this court will not reverse a decree confirming said report unless clearly satisfied that the register's findings are palpably and plainly wrong. In such case, the register's decision upon the facts has the force and effect of a verdict of the jury, and a decree confirming it will not be reversed, unless the facts would require the trial court to grant a motion to set aside the verdict of the jury and to have a new trial. Pollard v. American Freehold Land Mortgage Co., 139 Ala. 183, 35 So. 767; Chancellor v. Teel et al., 141 Ala. 634, 37 So. 665; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Smith v. Albert, 247 Ala. 520, 25 So.2d 382; Campbell v. Campbell, 252 Ala. 487, 41 So.2d 185."

No good purpose would be served by attempting an analysis of the evidence. Suffice it to say that we have given most careful consideration to the evidence, in the light both of the burden resting on the respondent-appellee and the above stated rule of presumption; and we are not clearly satisfied that the register's findings are palpably and plainly wrong. It follows that the decree of the trial court overruling the exceptions to the register's report and confirming said report is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.