JONES, Justice.
Appellant Theo Word appeals from a final judgment of the trial court denying injunctive relief and holding him liable under the terms and conditions of a delinquent mortgage indebtedness. We affirm.
The sole issue presented is whether a mortgage made to a party other than the one actually advancing the money secured by the mortgage is valid. We hold, under the evidence of record in this case, that it is.
Appellee Virgil Smith is President and majority stockholder of American Aid Life Insurance Company. Pursuant to a contract with his company, Smith, in March of 1979, loaned Mr. and Mrs. Word $10,000 from his “personal” account. According to the contract, Smith would advance funds from his “personal” account and American Aid Life Insurance would take mortgages in its name to secure these loans. Additionally, American Aid Life Insurance would “service” the debt.
On March 7, 1979, the Words signed a mortgage for $10,000 which also covered subsequent advances up to $80,000. On the same day, the Words signed an open-ended promissory note acknowledging receipt of $10,000 and permitting the maximum allowable credit advances, the obligee being American Aid Life Insurance Company.
Subsequently, additional monies (for a total of $52,000) were advanced by Smith to the Words. All funds received by the Words were from Smith’s “personal” account. Smith, acknowledging receipt of two payments, both of which were less than the amount then due under the mortgage, sought, through the named mortgagee, to foreclose the mortgage. Theo Word brings this action seeking injunctive relief.
The case was tried to the court without a jury on May 19, 1980. The trial court entered its order on July 8, 1980, finding the mortgage in question to be valid and directing the register to hold a reference for the purpose of determining the total amount due on the mortgage debt. On July 18, 1980, the register reported to the court that the total amount due on the mortgage was $56,222.54. This report was confirmed and adopted by the trial court on July 29, 1980. After allowing Word credit for $32.55 with interest thereon, the trial court found the total amount due under the mortgage and note to be $56,186.99.
Appellant asserts that because all the money advanced him came from Smith individually, rather than from American Aid Life Insurance Company, there was no consideration for his mortgage to American Aid Life. Such contention is. without merit.
In Willingham v. Lankford, 257 Ala. 595, 598, 60 So.2d 387, 389 (1952), this Court stated:
“‘The validity of the contract is not affected, because the consideration may not have moved from the party to whom the obligations of the contract are extended, and in whom the right of enforcement resides. It is not uncommon, that the consideration for a contract moves from one person, while its promises and obligations are made to another, and the validity of such contracts, when accepted by the party to whom the promise or obligation is made, cannot be questioned.’ Wimbish v. Montgomery Mutual Building & Loan Ass’n, 69 Ala. 575(4). That principle seems to be well established generally ... [a]nd is illustrated in what is termed contracts with a third party beneficiary.”
The Willingham Court cited with approval 59 C.J.S. Mortgages § 88 (1949), which reads in pertinent part:
*14 “. .. The consideration need not go directly from the mortgagee to the mortgagor. So, where there is a consideration as between the creditor and mortgagor, the note and mortgage may be taken in the name of any consenting third person....”
We are unpersuaded by the argument that Smith’s personal loans to Appellant, under these facts, invalidated his mortgage with American Aid Life Insurance Company for lack of consideration.
The trial court correctly found ample consideration to support this transaction; therefore, its order based on such determination is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES, and BEATTY, JJ., concur.